# SAMUEL W. QUINN

*v.*

# SARAH A. DONOVAN.

1. SURGEON—*liability for want of skill.* A physician and surgeon is required to possess, and in his practice to use, reasonable skill, not the highest, perhaps, but such as physicians in good practice ordinarily use. He can not be regarded as an insurer of a successful result in all cases attended to by him.

2. In an action against a surgeon, for mistreatment of the plaintiff's fractured elbow, the court instructed the jury that if the defendant could have learned the nature of the injury, and applied the proper remedy, and failed to do so, he was liable, was *held* erroneous, as requiring too great a degree of skill, and as calculated to mislead.

3. So, an instruction that "the law holds the defendant liable for damage done, if he was incompetent, and if competent, he is liable, unless he used his *full* skill and ability, and damage was caused thereby," was *held*, erroneous, as requiring too great a degree of skill in the practice.

4. NEGLIGENCE — *comparative.* A plaintiff may recover for injuries where his negligence is slight as compared with the defendant's, which is gross.

5. INSTRUCTIONS—*should be harmonious.* One correct instruction will not always cure an erroneous one. The court should harmonize the instructions, else they are calculated to confuse and mislead the jury.

APPEAL from the Circuit Court of Cumberland county; the Hon. J. C. ALLEN, Judge, presiding.

Mr. J. W. WILKIN, Mr. THOMAS BREWER, and Mr. H. B. DECIUS, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by appellee against appellant, a surgeon, to recover damages alleged to have been sustained in consequence of the unskillful and negligent manner in which he treated a fracture and dislocation of the elbow joint.

A discussion of the evidence introduced on the trial, is not regarded as essential, as the decision of the case must turn

upon the instructions given by the court at the instance of
appellee. The rule is well settled by the authorities, that
appellant, who was engaged in the practice of his profession
as a physician and surgeon, was required to possess, and in his
practice use, reasonable skill, not perhaps the highest degree
of skill that one learned in the profession might acquire, but
reasonable skill, such as physicians in good practice ordinarily
use. *Ritchey* v. *West*, 23 Ill. 385; *McNevins* v. *Lowe*, 40 id.
209; *Hallem et al.* v. *Means*, 82 id. 379.

If, therefore, appellant possessed, and in the treatment of
appellee's arm, used, reasonable skill, he could not be held
responsible, although the result of the treatment was not as
favorable as appellee expected or might have anticipated. A
physician can not be regarded as an insurer of a successful
result in all cases. The most learned and skilled will some-
times fail of success, especially in the treatment of a fracture
and dislocation of the elbow joint.

The second instruction given for appellee, in substance
announced the principle that, if appellant could have learned
the nature of the injury, and applied the proper remedy, and
failed, he is liable. We do not understand that the law im-
poses as high a degree of skill as the instruction would seem
to indicate. Appellant may have used reasonable skill and
failed, when, under the rule announced in the instruction, if,
by the exercise of a higher degree of skill, he could have
applied the proper remedy, but failed to do so, he is liable.
A fair and reasonable construction of the instruction would
not only require of appellant reasonable, but extraordinary
skill in his practice. The law has imposed no such duty upon
appellant, and we are of opinion the instruction was calculated
to mislead the jury, and it should have been modified.

The fifth instruction given for appellee was as follows:
"The law holds the defendant liable for damages done if he
was incompetent, and if competent, he is liable unless he uses
his full skill and ability, and damage was caused thereby."
One of Webster's definitions of the word "full" is "complete,
entire, without abatement,—mature, perfect." If the meaning

of the instruction, therefore, was, that appellant was required to use complete or perfect skill, it was in conflict with the rule announced in this court in the cases cited *supra*, and with the entire current of authorities bearing upon the question. The appellant was not bound to use the highest degree of skill known to the profession, as might be inferred from the instruction, but only ordinary or reasonable skill.

It is true, instructions were given on behalf of appellant, that announced the rule correctly, but that did not obviate the difficulty. It is impossible to know whether the jury followed the instructions given for the one side or the other. If they adopted, as a rule of their deliberations, the doctrine announced in appellee's instructions, they were surely misled. The only safe rule for a circuit court is, to harmonize the instructions before they are given to the jury. If this is not done, the instructions, which should be a guide to the jury, only serve to confuse. In appellee's sixth instruction, the doctrine of comparative negligence is attempted to be announced, but it was not correctly stated. The rule, as has often been said by this court, is, a plaintiff may recover, where his negligence is slight as compared with the defendant's, which was gross.

The question of comparative negligence was not, however, a prominent one in the case, and we would not, on account of the error in the instruction on that point alone, reverse, but for the error contained in the other instructions mentioned, the judgment will be reversed and the cause remanded.

*Judgment reversed.*