## WILLIAM A. KNOWLTON
### v.
## GEORGE FRITZ.

1. INSTRUCTIONS.—For the error in giving two instructions, one for the plaintiff, the other for the defendant, which were diametrically opposed to each other, the judgment is reversed.

2. FORM OF VERDICT.—An objection to the form of the verdict should be made in the court below. It comes too late in this court.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed March 2, 1880.

This was an action of assumpsit in the County Court of Cook county. The declaration avers that on March 2, 1876, the plaintiff, by a written agreement then entered into between himself and the defendant, appointed the latter his agent for the sale of Paddock's Hay Rakes, at Benson, Illinois, for the season of 1876, ending September 1st, agreeing to allow him twenty-five per cent. on sales made by him, to be in full for charges for selling, setting up, etc. That on said March 2, defendant accepted the agency and ordered ten rakes, and agreed to sell the same for $37.33, adding freight, and to guarantee sale of the sale; and also agreed that if more of the rakes remained on defendant's hands unsold at the end of the season than the commissions on rakes sold should pay for, he would give approved notes to the plaintiff when required by him for the balance, payable Oct. 1, 1876.

That on September 5, 1876, defendant having failed to sell any of the rakes, and become liable to give plaintiff approved notes for the balance due on said rakes, in consideration of which liability he entered into an agreement for 1877, and obligated himself to pay for said rakes at the end of the next harvest, namely, on or before September 1, 1877, in approved notes, at the price of $28 each, receiving as commissions only the excess above that amount. That on September 1, 1877, plaintiff having performed the agreement on his part, defendant had five of said rakes on hand unsold, more than the commissions on those sold would pay for; whereby defendant became liable to give plaintiff, on request, secured notes for said five unsold rakes, at $28 each, and then and there promised to give plaintiff, on request, said secured notes; that although requested, defendant refused, etc.

The second count is like the first, except that it counts upon a similar contract, dated January 27, 1877, for the sale of Dexter Cultivators.

The defendant filed two pleas:

*First.*—The general issue.

*Second.*—That on the first day of October, 1878, plaintiff and defendant mutually agreed that defendant should return the cultivators mentioned in second count, in full satisfaction and discharge of all right of action mentioned in second count; and that, in pursuance of said agreement, returned said cultivators, of which plaintiff had notice. There was a verdict and judgment for defendant, and the plaintiff brings the case to this court by appeal.

Messrs. Gardner & Schuyler, for appellant; that the contracts were executory and under seal, and could not be modified by a subsequent parol agreement, cited Hume v. Taylor, 63 Ill. 43; Cordwent v. Hunt, 8 Tenn. 596; Delacroix v. Bulkley, 13 Wend. 71; Eddy v. Graves, 23 Wend. 82; Snard v. Patterson, 3 Black, 353; Barnett v. Barnes, 73 Ill. 216; Chapman v. McGrew, 20 Ill. 101; West v. Blakely, 2 Man. & G. 728; Allen v. Jaquish, 21 Wend. 628; Dodge v. Crandall, 30 N. Y. 294; Harris v. Goodwyn, 2 Man. & G. 405.

Knowlton v. Fritz.

If there was a breach the contract could be modified only upon a new consideration: Wharton v. Me. C. F. Co. 1 Mo. 577; Eddy v. Graves, 23 Wend. 84; Hunn v. Taylor, 63 Ill. 44.

The settlement was in effect a sale and purchase of the unsold machines: Kitzinger v. Sanborn, 70 Ill. 146; Sanborn v. Benedict, 78 Ill. 309.

As to authority of agent of appellees to make the settlement: Am. Ex. Co. v. Milk, 73 Ill. 224; U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549; Gerrish v. Maher, 70 Ill. 470; Lawrence v. Johnson, 64 Ill. 351.

The contract for return of the goods, to be binding upon plaintiff, must have been ratified by him after full knowledge of all the facts: O. & M. R. R. Co. v. Middleton, 20 Ill. 629; Williams v. Butler, 35 Ill. 544; Searing v. Butler, 69 Ill. 575; Matthews v. Hamilton, 23 Ill. 470; Mead v. Brothers, 27 Ill. 689; Waters v. Monroe, 17 Md. 150.

It is error to give conflicting instructions: T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; Quinn v. Donovan, 85 Ill. 194; McLean County Bank v. Mitchell, 88 Ill. 52.

There was no evidence on which to base defendant's instruction: Holcomb v. Davis, 56 Ill. 413; Weaver v. Rylander, 55 Ill. 529; Mitchell v. Fond du Lac, 61 Ill. 174; Means v. Lawrence, 61 Ill. 137.

The verdict was informal and must be set aside: Hilliard on New Trials, 14; Haywood v. Barnett, 3 Brev. 113; Boxley v. Collins, 4 Blackf. 320; Spiers v. Parker, 1 Term Rep. 141; 5 Comyn's Dig. 521.

It cannot be amended in matter of substance: Wallace v. Hilliard, 7 Wis. 628.

Messrs. PAGE & PLUM, for appellee; that the time for performance of a contract may be extended by parol, cited North v. Kizer, 72 Ill. 172; Baker v. Whiteside, Breese, 132; Wadsworth v. Thompson, 3 Gilm. 423; Dodge v. Crandall, 30 N. Y.; Keating v. Price, 1 Johns. Cas. 22.

The terms of a contract may be changed by a subsequent parol agreement founded upon a good consideration: Morrill v. Colehour, 82 Ill. 618; Browne on Statute of Frauds, § 429; Gross v.

Lord Nugent, 5 Barn. & Ad. 64; Bell v. Howard, 9 Mod. 302; Stephens v. Cooper, 1 Johns. Ch. 49; Cooke v. Murphy 70 Ill. 96.

Where substantial justice has been done, a new trial will not be granted, even though the verdict may appear to be against evidence: Leigh v. Hodges, 3 Scam. 15; Gillitt v. Sweat, 1 Gilm. 475; Elam v. Badger, 23 Ill. 498; Wheeler v. Shields, 2 Scam. 348; Calhoun v. O'Neal, 53 Ill. 354; Dishon v. Schorr, 19 Ill. 59; Hall v. Gronfe, 52 Ill. 421; Warren v. Dickson, 27 Ill. 115; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206.

If there be any proof, though not direct, an instruction may be asked based upon it : Peoria M. & F. Ins. Co. v. Anapow, 45 Ill. 86; Wooters v. King, 54 Ill. 343.

Objection to the form of the verdict should have been made below: Hilliard on New Trials, 134; Schlencker v. Risley, 3 Scam. 483; Bank v. Batty, 4 Scam. 200; Parmelee v. Smith, 21 Ill. 620.

WILSON, J. The defense mainly relied on by the defendant was that in August, 1878, the parties had a settlement of the matters in controversy, by the terms of which the defendant was to pay for the machines unsold and return the balance to the plaintiff, and that in pursuance thereof the defendant shipped the machines to the plaintiff at Rockford, where he resided. The testimony as to whether a settlement was made, as claimed by the defendant, was contradictory, and if the jury had been properly instructed as to the law, we should not be inclined to disturb their finding; but upon a material point in the case, two instructions were given by the court below, one at the request of the plaintiff, and the other of defendant, which are diametrically opposed to each other, and could hardly have failed to confuse and mislead the jury. One of the provisions of the contract between the parties required the defendant to guarantee the sale of all machines ordered, and in the event that more remained on hand unsold at the end of the season than the commissions arising from sales would pay for, to give approved notes for the balance, when required by the plaintiff.

In the month of August, 1878, Charles H. Emerson, an agent

Knowlton v. Fritz.

of the plaintiff, called on the defendant, at Benson, and demanded payment for the machines then in the possession of the defendant and remaining unsold, pursuant to the provisions of the contract; but the defendant refused to acknowledge his liability to give notes, and declined to settle upon any other terms than by a return of the machines to the plaintiff and payment for those sold.   This the plaintiff's agent refused, whereupon negotiations were closed.

The defendant's agent testifies, in substance, that he refused to settle by giving notes, and Emerson says the same thing.

Upon this state of facts, the court gave this instruction for the plaintiff: "The court instructs the jury that if they believe from the evidence in the case that the agent for the plaintiff requested the defendant, by his agent, to settle with the agent of the plaintiff in August, 1878, according to the terms and conditions of the contracts in question for the machines then on hand, and that the defendant, by his agent, refused to settle, then no further demand for the notes provided for by said contracts was necessary; and even although the jury may believe from the evidence no demand other than as above set forth for such notes was made by Emerson, at that time, still the verdict must be for the plaintiff, if the jury find from the evidence there was such request and refusal as above stated, the law upon that point is for the plaintiff."

And for the defendant the court gave this instruction:   "The jury are instructed that under the pleadings in this case it is necessary for the plaintiff, in order to be entitled to recover upon the agreements declared upon, to prove a request or demand upon the defendant for 'approved notes' spoken of in said agreements; and unless the jury are satisfied, from the evidence, that such demand or request has been made, the verdict should be for the defendant."

It will be seen at a glance that these instructions are in direct conflict with each other; for if, as a matter of law, no demand for the notes was necessary, by reason of the defendant having refused to perform the contract when requested to do so, then the plaintiff was not bound to make such demand before suit; and yet the court instructs the jury for the plaintiff that if the

defendant refused to perform when requested, demand for the notes was waived; and for the defendant that proof that a demand was made was indispensable to entitle the plaintiff to recover. It is the duty of the court to see that instructions, which should be a guide to the jury, are harmonious, and such as neither confuse nor mislead. Quinn v. Donovan, 85 Ill. 194.

Objection is made by appellant to the form of the verdict.

In the record of the proceedings, the form of the verdict is given thus: " We, the jury, find the issues for the defendant." In the bill of exceptions thus: " If the jury find for the defendant, the form of their verdict will be: ' We, the jury, find the issues for the defendant.' " This verdict was signed by all the jury. It is sufficient to say that if we were required to accept the form of the verdict as set forth in the bill of exceptions as the one actually returned by the verdict rather than the form as stated in the record of the proceedings, the objection comes too late. It cannot be made for the first time in this court. Schlenker v. Risley, 3 Scam. 483; Bank, etc. v. Batty, 4 Ib. 200; Parmlee v. Smith, 21 Ill. 620.

There can be no doubt as to what the jury intended, and if the verdict was informal, the court, upon the suggestion of either party, would have it put in form in presence of the jury. Such has been the uniform ruling by the Supreme Court of this State. Failing to object to the form of the verdict in the court below, appellant is not permitted to make the point here.

For the errors of the court below in improperly instructing the jury, the judgment is reversed and the case remanded for a new trial.

Reversed and remanded.