## Mattoon Gas Light and Coke Co. v. Timothy Dolan.

1. INSTRUCTIONS—*Must be Accurate Where the Questions at Issue are Close.*—In an action for personal injuries, where the question at issue is close, an instruction that if the jury believe from the evidence that the defendant's manager directed the plaintiff to clean out a certain appliance in a gas machine called a "scrubber," as alleged in the declaration, that the work was dangerous, and that the manager had knowledge of the danger, or in the exercise of ordinary care would have had such knowledge, and the plaintiff did not know of the danger and had no equal means of knowledge with the manager, and that in cleaning out the "scrubber" as directed he was injured as alleged in the declaration, their verdict should be for the plaintiff, is erroneous, as failing to require the jury to find that the plaintiff was at the time of his injury in the exercise of ordinary care for his own safety, notwithstanding the jury were told in other instructions that the plaintiff must prove that he exercised ordinary care for his own safety before he could recover.

**Trespass on the Case.**—Appeal from the City Court of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

ALEXANDER CLARK, attorney for appellant; CLARK & CLARK, of counsel.

JOHN F. VOIGT, JR., and ANDREWS & VAUSE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case, brought by appellee in the City Court of Mattoon, Illinois, against appellant, to recover $5,000 damages for alleged injuries which appellee claims

he received while employed by appellant, by reason of the negligence of its manager.

The case was tried by jury and resulted in a verdict and judgment in favor of appellee for the amount sued for. Appellant moved for a new trial, which being denied, it excepted, and to secure a reversal of the judgment, brings the case to this court, and assigns and argues for error, that the City Court improperly refused to direct a verdict for appellant at the close of the evidence, gave improper instructions at the instance of appellee, and that the verdict is against the evidence.

The declaration as amended, has four counts. The first alleges that on October 24, 1900, appellee owned and operated a plant in the city of Mattoon for the manufacture of fuel and illuminating gas, and then and there had appellant in its employ under the directions of its manager in charge of the men working at the plant; that it was the duty of appellant to provide appellee proper means and conveniences to safely pursue his employment, and not to subject him to risks not necessarily incident to the business in which he was engaged; yet appellant, not regarding its duty in that behalf, did then and there, by its said manager, negligently direct appellee to enter and clean out a machine known as a "scrubber," which was then and there known to appellee to be filled with substances from which arose, in dangerous quantities, poisonous gases, but which fact was unknown to appellee; that appellant's said manager falsely assured him there was no danger in his obeying the direction; that he, relying upon said assurance, in pursuance of the direction, and exercising all due care and caution for his own safety, entered said "scrubber," and while cleaning out the same, was overcome by the poisonous gases and permanently injured thereby, for which he claims $5,000 damages.

The second, after alleging the ownership and operation of the gas plant the same as the first, then alleges that appellee was engaged as a laborer therein, and was inexperienced in the use and management of the machinery thereof,

which was well known to appellant's manager in charge thereof, yet the latter then and there carelessly ordered appellee to enter and clean out a machine called the "scrubber," which the manager knew to be filled with noxious gases, but which was unknown to appellee; that said "scrubber" was a cylinder five feet in diameter and about twelve feet high, having near the bottom an opening about eighteen inches in diameter, and about five feet above this opening another opening about eighteen inches in diameter, and on top thereof another opening about eighteen inches in diameter, all of which openings were kept closed while the "scrubbing" was in operation; that it was the duty of appellant to have removed the covers from these openings a sufficient length of time to have allowed said gases to escape before ordering appellee to enter the "scrubber" and clean it out; that appellee, in pursuance of said order from said manager, and while exercising all due care and caution for his own safety, entered the "scrubber," and while cleaning it out, was overcome by said poisonous gases and greatly injured in health by reason of breathing the same.

The third avers ownership and operation of said plant, and the employment of appellee, as does the others, and then alleges that appellant negligently allowed the "scrubber" to become filled with noxious substances, from which arose, in large and dangerous quantities, poisonous gases, and to so remain a long space of time, and that appellee was in the employ of appellant and it was its duty to afford him proper means and conveniences to safely pursue his employment, and not to subject him to risks not necessarily incident to the business in which he was engaged; yet appellant, not regarding its duty in that behalf, and while the "scrubber" was so filled with said substances, from which arose in large and dangerous quantities said poisonous gases, which fact was unknown to appellee, carelessly and negligently ordered and directed him to enter and clean out the "scrubber;" and falsely assured him that there was no danger of injury in obeying said order; and he, relying upon

said assurance and in pursuance of the order, while exercising all due care for his own safety, entered the "scrubber," and while cleaning out the same, was then and there overcome by the poisonous gases and injured as aforesaid.

The fourth alleges ownership and operation of the plant and the employment of appellee as the others, and then alleges that there were in use at said plant, various pieces of machinery which are extra hazardous and dangerous for persons to operate who are unacquainted with their use; that appellant well knew that appellee was inexperienced in the use and management of said machinery; that it was the duty of appellant to inform and notify its employes upon entering upon their duties in and about said plant, of such pieces of machinery before sending them to work therewith, and to inform them of the nature and character of such extra hazards and dangers; that appellant, on October 24, 1900, was negligently and carelessly ordered by appellee to enter and clean out a machine known as a "scrubber," which contained dangerous quantities of poisonous gases, which was unknown to appellee; that the work of cleaning out the "scrubber" was extra hazardous and dangerous by reason of such gases, and appellee, relying upon the duty of appellant to notify him of the pieces of machinery which were extra hazardous and dangerous, entered the "scrubber," and while cleaning out the same and in the exercise of all due care and caution for his own safety, was overcome by the poisonous gases and injured, for which he claims damages in the sum of $5,000.

Appellant pleaded the general issue, and upon the trial, the evidence showed that it was engaged in manufacturing and selling water gas at Mattoon.

Prior to October 22, 1900, an explosion occurred at appellant's gas plant, and a portion of its brick buildings were torn down thereby, and upon that day Mr. Dixon, the manager of the plant, employed appellee and several others and set them to work cleaning away the *debris* in order to rebuild. Two days thereafter, while appellee was engaged in cleaning off the bricks of the fallen buildings, Mr. Dixon

directed him and another employe named Senteney, to clean out a machine used in purifying gas, called a "scrubber," which is made of sheet steel, is about five feet in diameter and some fourteen feet high, with a grate near the bottom, and when in use, is filled with coke. Gas, after leaving the retorts, passes through this "scrubber," and the coke absorbs the tar and other impurities from it. There are three manholes about twelve by thirteen inches each, one near the bottom, one near the middle, and one near the top of the "scrubber," which are kept closed when the machine is in use, but can be opened when desired.

The top of the "scrubber" is fastened on by some seventy screw bolts which can be taken out with a wrench and the top can then be removed. When appellee and Senteney were directed to clean out the "scrubber," they proceeded to obey, and had succeeded in getting the coke about half way out, when it became necessary for one of them to go into it in order to finish cleaning it out. Both hesitated, however, about going into it, because, as they said, "it smelled pretty strong in there," and they asked Mr. Gaddis, an old employe of appellant, if they could not take the top off, and he told them "All right."

While they were proceeding to do so, appellant's manager appeared, and learning their object, said, "It is not necessary to remove the top;" and putting his head into the manhole, further said that "it was not dangerous to go into it, and if he had his working clothes on, he would go in and clean it out himself." The top was not taken off and appellee went inside and proceeded to throw coke out. Feeling badly soon, he put his head out of the manhole for a short time to get some fresh air and then resumed work. In a short time he was again obliged to put his head out and obtained a drink of water from Senteney. Returning to work, he soon began getting dizzy, and attempted to come out, but becoming unconscious, was unable to do so except with the assistance of Senteney. By means of his arms being worked by others after he was out, he was revived and breathing restored thereby.

In a short time he was able to work at cleaning brick but complained of dizziness. He continued working around the plant at cleaning brick and other work for two days more, but in that time, his dizziness having grown no better, he became so weak that he had to quit, and since that time has not only been unable to do any work of much consequence, but is suffering with tuberculosis of the lungs, which, in the opinion of one of the physicians who testified, may have been caused from breathing the gas while in the "scrubber."

Appellee was twenty-five years old when he began working for appellant, and up to that time had never had much sickness of any kind, nor had his lungs been affected with tuberculosis before then. He was earning one dollar and fifty cents a day when he was suffocated. He testified that while he discovered there was a strong smell of gas in the "scrubber" before he went into it, he did not then know the gas was poisonous or that it would suffocate him as it did, and that owing to the bad smell of the gas, he would not have gone into the "scrubber" without taking the top off if Mr. Dixon had not told him it was not dangerous to go into it with the top on.

The "scrubber" with the coke in it, which appellee was attempting to clean out, had been in use for about one year, and it was the practice of appellant to have it cleaned out about once a year.

At the close of all the evidence, appellant requested the court to direct a verdict in its favor, claiming that the evidence did not sustain any actionable charge made in the declaration, but the court refused, and it is urged that in that, the court committed reversible error.

But in view of the charge in the amended declaration to the effect that appellant knew the gas arising from the coke in the "scrubber" was poisonous or dangerous, while appellee was ignorant thereof, and that appellant's manager nevertheless negligently ordered appellee to go into the "scrubber" and clean the coke out, at the same time assuring him that it was not dangerous to do so, and that appel-

lee, relying upon the assurance, obeyed the order and was thereby injured, and the evidence introduced tended to sustain that charge, we are of opinion that the court properly refused to direct a verdict for appellant.

At the request of appellee, the court gave an instruction as follows:

" The court instructs the jury that if you believe from the evidence that Timothy Dolan was employed as a laborer by the defendant at Mattoon, that the defendant's manager directed Timothy Dolan to clean out a certain scrubber as alleged in the declaration, and that such work was dangerous, that defendant's manager had knowledge of the danger of such work, or in the exercise of ordinary care would have had knowledge of it, that plaintiff did not know of the danger, and had no equal means of knowledge with the manager, and that in cleaning out said scrubber as directed, plaintiff was injured, as alleged in the declaration, then your verdict should be for the plaintiff."

Counsel for appellant insists that it was prejudicial error to give it, for the reason that it told the jury to find a verdict for appellee upon their finding the facts enumerated therein, and yet failed to require them to find that appellee, at the time in question, was exercising ordinary care for his own safety, when the evidence was close on that material question, which was directly in issue under the pleadings; while counsel for appellee contend that that omission from the instruction is obviated by other instructions which were given.

And it is true, the jury were told in other given instructions, that appellee must prove that he exercised ordinary care for his own safety at the time in question before he could recover; yet in view of the evidence showing that appellee knew the gas arising from the coke in the " scrubber" smelt bad before he went into it, and that after going in, he soon discovered that it made him feel badly, and yet he remained until it overcame him, made it a close question whether he had exercised ordinary care in remaining so long as he did, and therefore said omission from the instruction was not obviated by the other conflicting instructions on the question of whether appellee had exercised

such ordinary care as was required. Illinois Linen Co. v. Hough, 91 Ill. 63; Quinn v. Donovan, 85 Ill. 194; and Partridge v. Cutler, 168 Ill. 504.

Counsel for appellant further insist that two of appellee's other instructions were improper and it was prejudicial error to give them, but we have examined them and fail to discover wherein they contain such error.

A careful consideration of all the evidence fails to convince us that the verdict is so manifestly against the weight of the evidence as to compel us to reverse the judgment for that reason, but we think we should, and we will reverse it for the error above indicated in giving the instruction quoted above. Reversed and remanded.