## Mattoon Gas Light & Coke Co. v. Catherine Dolan, Admx.

1. RELEASE—*what does not establish fraud in obtaining a.* Evidence which merely tends to show that the consideration given for a release of damages was inadequate, is not sufficient to show fraud in obtaining such a release and does not avoid the same.

2. NOMINAL DAMAGES—*when only, can be recovered.* Nominal damages only can be recovered where, since the action was instituted, the damages claimed have been duly released.

3. OPENING STATEMENT—*when ground for new trial.* A new trial will be granted where counsel, in his opening statement to the jury, has made remarks which are improper and prejudicial in their nature.

Action on the case for death caused by alleged wrongful act. Appeal from the City Court of Mattoon, Illinois; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the May term, 1903. Reversed with finding of facts. Opinion filed November 9, 1903.

J. W. & E. C. CRAIG and ALEXANDER CLARK, for appellant.

ANDREWS & VAUSE and JOHN F. VOIGT, Jr., for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case, originally instituted by Timothy Dolan against appellant, to recover damages for personal injuries, and in which a judgment was recovered by him against appellant for $5,000. On appeal to this court, the judgment was reversed and the cause remanded; the opinion is reported in 96 Ill. App. 652. Pending that

appeal Timothy Dolan died, and his mother, Catherine Dolan, was appointed administratrix of his estate. After the reversal of the judgment, the cause was reinstated and the declaration amended, by averring the death of Timothy Dolan, the appointment of appellee as his administratrix, and that deceased left him surviving, his widow, Lou Dolan, and his father and mother and three brothers. On the second trial, there was a verdict and judgment against appellant for $999, which judgment was, by this court, reversed and the cause remanded, because the trial court improperly refused to allow a release of damages, executed by the widow, to be introduced in evidence and gave improper instructions to the jury. (See 105 Ill. App. 1.) On the third trial, there was a verdict and judgment against appellant for $2,000, from which judgment this appeal is prosecuted. Statements of the case will be found in our former opinions and their repetition here is unnecessary.

Various errors are assigned by appellant, which, it insists, call for a reversal of the judgment; and appellee assigns as a cross-error the ruling of the court in permitting a release of damages, executed by the widow of her intestate, to be introduced in evidence.

In the view we take of this case and which demands a judgment of reversal without remanding, it is not necessary to determine any other question than that involving the force and effect to be given such release. We may say, however, that if this record were otherwise free from error, we should not hesitate to reverse and remand the case because of improper and necessarily prejudicial remarks of counsel for appellee, in his so-called opening statement and argument to the jury.

The contention of appellee, that the release of damages executed by the widow of Timothy Dolan, after suit brought by his administratrix, cannot bar the latter's right to recover other than nominal damages, is disposed of by the former opinion in this case reported in 105 Ill. App. 1, and we are content to abide the conclusion there announced. It cannot be questioned that at the time the widow of

Timothy Dolan executed the release introduced in evidence, she understood that she was signing a release of all her claims and demands against appellant, arising out of the death of her husband, to recover which this suit was then pending, and that she received the sum of $200 named therein as the consideration. The only fraud charged, and to sustain which, evidence was introduced by appellee over the objection of appellant, was fraud going to the value of the consideration, and this is not available to appellee in avoidance of the release. Papke v. Hammond Co., 202 Ill. 633.

Appellant asked the court to instruct the jury that appellee was entitled to recover nominal damages only, and offered its instructions to that effect, but the court refused to so instruct. These instructions should have been given and the verdict in compliance therewith would have served to carry costs against appellant, but this court will not remand a case for a re-trial merely to enable a party to recover nominal damages. Thisler v. Hopkins, 85 Ill. App. 207.

The judgment will be reversed.

*Reversed.*

Finding of facts. The following finding of facts will be incorporated in the judgment of this court:

The court finds that after the cause of action in the several counts of the declaration accrued and while the same was pending for trial, the widow of the deceased (there being no child or children) in consideration of the sum of $200 to her paid by appellant, on the 18th day of March, 1902, by a valid writing signed, sealed and witnessed, released and forever discharged the appellant from all claims and demands of every nature arising out of the death of her husband, as in said declaration and each count thereof mentioned, and that said release was not obtained by any fraud in the execution thereof.