## Maney, Administratrix, etc. v. Chicago, Burlington & Quincy R. R. Co.

1. *Railroad Companies—Signals.*—The object of the statute in requiring signals to be given when approaching highway or street crossings, is to protect persons or animals about to cross the track, and to obviate the danger of collision at such crossings. The giving of these signals is a statutory duty, the non-performance of which is negligence as a matter of law, only when injury results therefrom to persons or animals endeavoring or intending to cross the track of the railroad upon a street or highway.

2. *Railroad Companies—Omission to Give Signals—When Negligence in Fact.*—If a person in the vicinity of, but not intending to use a crossing, may hold a railroad company for injuries caused by a failure to give the signals, the liability must grow out of peculiar facts and circumstances, by reason of which the injured party had a right, in the exercise of ordinary care, to rely upon, and wait for the signals, and making the omission to give them, negligence in fact as to him.

3. *Pleading—What is a Sufficient Release.*—A plea which in substance avers that in his lifetime the deceased (being an employe of a railroad company) made application for insurance in a branch of the company called its "relief department" and was accepted as a member, and received a certificate of membership entitling his widow, as a beneficiary, to receive a sum of money in case of his death, and that it was provided in his application for such membership that the acceptance from such department by his beneficiary should operate as a release of all claims for damages which could be made by his heirs, executors or administrators; that after the death of the said employe it paid to his widow as such beneficiary the sum named in the certificate, which she accepted, and the company became thereby released from all claim for damages of the legal representatives of the deceased, etc., is bad for the reason that the said deceased had no power to release the company from payment of damages to his widow and next of kin in case of his death by neglect or default of the company.

4. *Railroad Companies—Power of Employes to Contract Against Liability in Case of Death.*—Exemption can not be secured by contract against liability for the consequences of gross negligence, or a willful act.

5. *Death by Negligent or Willful Act—Common Law Liability.*—At the common law a person injured by a wrongful act, neglect or default of another, might, if the injuries were not fatal, maintain an action to recover damages, but the remedy abated upon the death of the person injured. So, if instantly killed, no right of action existed, and no action would lie in favor of any one for causing the death of a human being.

6. *Husband and Wife—Statutory Remedies.*—The glaring absurdity of the common law in allowing a husband and father if injured and not killed, a right of action for the damages thus sustained, and in denying to his widow and children any compensation for damages inflicted upon them, should the injury be greater and result in death, has been relieved by the act of our General Assembly, approved February 12, 1853, re-enacted in 1874, and now constituting Secs. 1 and 2, Ch. 70, of our Revised Statutes.

7. *Husband and Wife—Next of Kin—Statutory Doctrine.*—The enactment of our statute established the doctrine that the wife and next of kin, and each of them, have a property right and financial interest in the life of the husband and relative. A new right of action was created in favor of persons who, before, had neither right, cause of action, nor remedy. Prior to its enactment, this right ceased at the death of the husband; it did not flow from him, but was created by the statute. The widow and the next of kin can not be deprived of it at the will or pleasure, or by the contract of another, though he be the party charged with the performance of the duties out of which the right grew.

8. *Husband and Wife—Power of the Husband to Release the Wife's Right.*—The value of the interest of the wife and children in the life of the husband and father, and the amount of their financial loss in case of his death, is limited by statute, and it is wholly beyond the power of the husband and father to further limit their right of recovery, by any contract he may enter into.

9. *Damages—Expenses, etc.*—The recovery is limited to the financial or pecuniary loss of the wife and next of kin by the death of the husband and father; the expenses incurred or paid for medical attendance, care or nursing, or otherwise, in the endeavoring to effect a cure. The agony and pain suffered and endured by him, the loss of earnings while sick or disabled by the injury, can not be considered in estimating the amount of damages. The sole measure of damages is the pecuniary loss to the widow and next of kin, occasioned by the destruction of the life of the husband, etc.

**Memorandum.**—Action for personal injuries. Writ of error to the Circuit Court of Cass County, to reverse a judgment rendered by that court; the Hon. Cyrus Epler, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed June 5, 1893.

### Plaintiff's Brief, Mills & McClure, Attorneys.

It is believed that the question presented by this record has never been adjudicated by any of the courts of last resort in this State; but the analogous principle, that a contract indorsed on the back of a railroad pass, releasing a railroad company from all liability to prospective injuries, is

Maney v. C., B. & Q. R. R. Co.

not a sufficient answer to a charge of gross negligence, is firmly settled by a long line of decisions. I. C. R. R. Co. v. Read, 37 Ill. 484; Arnold v. I. C. R. R. Co., 83 Id. 273; J. S. E. R. Co. v. Southworth, 135 Id. 250. Other courts, however, have considered the controlling question in this case. R. R. Co. v. Spangler, 44 Ohio State 471; Cook v. W. & A. R. R., 72 Ga. 48; M. & C. R. R. Co. v. Jones, 2 Head. 517; Thompson on Negligence, Vol. 2, p. 1025; Roesner, Admx., v. Hermann, 8 Fed. Rep. 782.

DEFENDANT'S BRIEF, SWEENEY & WALKER, AND A. A. LEEPER, ATTORNEYS.

An employe, as well as every other person, can make a contract which will be binding upon his administratrix, and that such contract may also operate upon his "next of kin" and prevent a recovery under the statute, must be conceded. Annas, Adm'x, v. M. & N. R. R. Co., 67 Wis. 46; Griswold, Adm'r, v. N. Y. & N. Eng. R. Co., 53 Conn. 371; State, to use of Black, v. B. & O. R. Co. (Md.), 36 Fed. Rep. 655; Russell v. R. & D. R. Co. (S. Car.), 47 Fed. Rep. 204; W. & A. R. R. Co. v. Strong, 52 Ga. 461.

The object and purpose of the "Relief Department" is thoroughly in accord with the spirit and legislation of the times; they will always be sanctioned and upheld by the courts. Fuller v. B. & O. Employe's Relief Association, 67 Md. 433; Owens v. B. & O. R. R. Co. (Ohio), 35 Fed. Rep. 715; State, to use of Black, v. B. & O. R. Co. (Md.), 36 Fed. Rep. 655; Freshes v. B. & O. R. R. Co., not reported; Spitze v. B. & O. R. R. Co. (Md.), 23 Atl. Rep. 307; Martin v. B. & O. R. R. Co. (W. Va.), 41 Fed. Rep. 125; Graft v. B. & O. R. R. Co. (Pa.), 8 Atl. Rep. 206.

O. F. PRICE, of counsel.

OPINION OF THE COURT, BOGGS, J.

This is an action on the case brought in the name of Mary Maney, as administratrix of the estate of Daniel Maney, deceased, for the benefit of Mary Maney, widow, Rosa A.,

Daniel M., Mary J., Albert L. and Francis L. Maney, children of the deceased, to recover damages under the provisions of sections 1 and 2 of chapter 70 of R. S., for the killing of said Daniel Maney. The declaration contained five counts. A demurrer to the fifth, and a motion to strike out certain allegations in the fourth count, were sustained, to which the plaintiff below and here excepted. The defendant below, who is defendant here, filed the general issue and seven special pleas. The plaintiff interposed a demurrer, both general and special, to each of the special pleas. These demurrers were overruled as to all the special pleas except the eighth, and to these rulings of the court the plaintiff excepted. The defendant withdrew the general issue; the plaintiff abided their demurrers and judgment against the plaintiff for costs followed. This is a writ of error brought to reverse the judgment.

The fifth count charges that defendant's servants in charge of and operating one of its locomotive engines, failed and omitted to give the signals required by the statute when approaching a street crossing. Other allegations of the same count are that the deceased was struck by the engine and killed at a point on the track between two streets, and was not upon a crossing nor seeking to pass over the track at a crossing. The object of the statute in requiring signals is to protect persons or animals about to cross the track and to obviate danger of collision at highways or street crossings. Non-performance of this statutory duty is negligence as a matter of law, only when injury results therefrom to persons or animals endeavoring or intending to cross the track of the railroad upon a street or highway. Roden v. C. & G. T. Ry. Co., 133 Ill. 73. If one in the vicinity of, but not intending to use a crossing, may hold a railroad company liable for injuries caused by a failure to give the statutory signals, the liability must grow out of peculiar facts and circumstances, by reason of which the injured party had a right in the exercise of ordinary care to rely upon and wait for the signals, and making an omission to give them, negligence in fact as to him. Patterson Railway

Accident Law, Sec. 161, 162. No such state of case is attempted to be made by this count.

The demurrer to this count was, therefore, properly sustained. The averment of the fourth plea that the defendant company, in consideration of the conveyance of a tract of land, and the vacating of certain streets in the city, had agreed to do no switching above Sixth and Eighth streets, brought a wholly irrevelant issue into the case, and was properly stricken from the plea. The second, third, fourth, fifth, sixth and seventh pleas are in substance the same, the averments being that in his lifetime the deceased made application for insurance in a branch of the defendant company, called its "Relief Department;" that he was accepted as a member, and received a certificate of membership, number 1394, entitling his widow, Mary Maney, to receive $2,500 in case of his death; also that it was provided in said application that the acceptance of any benefits from the relief department by the beneficiary named in the application should operate as a release of all claims for damages, which could be made by his heirs, executors or administrators; that after the death of the said Daniel Maney the defendants paid (or caused to be paid) to the beneficiary named in said certificate, $2,500, which she accepted, and the defendant thereby became released from all claims for damages which the legal representative of deceased might make against it.

By sustaining the pleas as against the demurrer, the court, in effect, ruled that Daniel Maney had power to release the appellant company from payment of damages to his widow and next of kin, in case his life should be thereafter lost by neglect or default of the company, and did so, in consideration of the obligation of the "Relief Department" of the appellant to pay Mary Maney, his wife, the sum of $2,500 in case of his death from any cause, and further, that the payment of such sum to Mary Maney, constituted a complete defense to this action.

The plaintiff in error insists that the declaration, and each count thereof, charges that the death of Daniel Maney was caused by the gross negligence, or willful, intentional act of

the servants of the defendant, and that it was beyond the power of either the deceased or the defendant to contract against a liability thus arising. That exemption can not be secured by contract against liability for the consequences of gross negligence or a willful act, is well settled. Arnold v. I. C. R. R. Co., 83 Ill. 273; J. S. & E. R. R. Co. v. Southworth, 135 Ill. 250.

We do not, however, think that the allegations of either the first, third or fourth counts ought to be construed to charge either gross negligence or the infliction of a willful injury. Though words are found in each count implying more, the facts and circumstances set forth only amount to actionable negligence.

The second count in effect and in words charges that the servants and agents of the defendant "negligently and willfully drove the locomotive with great force and violence against said Daniel Maney, and he was thereby instantly killed."

A willful act is one designedly or intentionally done. Bouvier's Law Dictionary; see Bishop Crim. Law, Vol. 1, Sec. 4 28 (7th Ed).

The second count, we therefore hold, charges not only inadvertent failure to use ordinary care in the management and control of the engine, but also that the engineer willfully and intentionally drove the engine against the deceased and killed him. Each of the pleas purport to answer the whole declaration, but as in neither is the charge of intentional injury denied, the second count of the declaration remains unanswered, the contract of the deceased being insufficient to exempt the defendant from damages for a willful injury. As the pleas purport to answer the whole declaration, and fail to present a defense to the second count, they are obnoxious to the demurrer, and for this reason, if no other, the court erred in overruling the demurrer.

It is apparent that the material question desired to be submitted by the parties, and which must arise again in the disposition of the case by the Circuit Court, is whether the

facts alleged in the pleas constitute a defense to such counts as. charge only actionable negligence; that is, an inadvertent failure to use reasonable care, or the omission of statutory duty.

It appears, from the pleas, that the defendant company had organized a "voluntary relief department," under the operations of which a "relief fund" was accumulated, to be applied to the relief of its employes who. might fall sick, or receive injuries while in its employ, or in payment of a death benefit in case of death, whether caused by violence or resulting from sickness, and that the deceased voluntarily applied for membership in the 5th class in such "relief department," and became, and was, a member at the time of his death. That he signed an application for such membership in writing, in which was incorporated the following stipulation: "That in consideration of the amounts paid, and to be paid, by said company (the defendant), for the maintenance of the relief department, the acceptance of benefits from said relief fund, for injury or death, shall operate as a release and . satisfaction of all claims for damages against the said company arising from such injury or death, which could be made by me or my legal-representatives."

The pleas aver that the application for membership was approved by the superintendent of the relief department and a certificate of membership issued to the deceased, obligating the defendant, in case of his death, to pay Mary Maney, his wife, the amount of his death benefit, and that said Mary Maney, pursuant to the rules and regulations of the "relief department," presented her claim for the death benefit, under the certificate of membership, and received, and was paid out of said relief fund, the sum of $2,500, being the amount of such benefit to a member of the 5th class. It is to be observed that it is not averred in any of the pleas that Mary Maney presented the claim as administratrix, or that the payment was to her in that capacity. It is then to be presumed that she was acting as an individual in applying for and receiving the money, as pleas are to be construed against the pleader.

The stipulation in the application and the payment of the money to Mary Maney, constitute, it is urged, a release and payment of all liability, and a complete defense to all right of recovery in this action.

Without stopping to inquire whether the contract is in contravention of public policy, we proceed to other grounds of objection to the pleas, which we think fatal to their sufficiency.

At the common law a person injured by the wrongful act, neglect or default of another, might, if the injuries were not fatal, maintain an action to recover damages therefor. The remedy thus allowed did not survive, but abated upon the death of the person injured. If instantly killed, no right of action existed. The concurrence of common law decisions is, that no action would lie in favor of any one for causing the death of a human being. Cooley on Torts, page 16.

There was no recognition in the principles of the common law of a pecuniary interest possessed by others, as a wife and children, in the life of another. " It is remarkable," says Mr. Cooley in his work on Torts (pages 26 and 27), " that the common law * * * should not have allowed the damages, suffered by others from an unlawful killing, to be recovered. The interest which husband and wife possess in each other's life, must usually have a pecuniary value which would be estimated for many purposes at a large sum in dealing with others. * * * Why should not the money value of his life, when it was taken away by unlawful act or negligence, be a right of action in the hands of his representatives ? " There was a glaring absurdity in allowing a husband and father, if injured, but not killed, a right of action for the recovery of the damages thus sustained, and denying to his widow and children any compensation for the damages inflicted upon them, should the injury be greater and result in his death. The justice of their demands were recognized in England by act of Parliament (9 Vic., Chap. 93), and in Illinois, by act of the General Assembly, approved February 12, 1853, re-enacted in 1874,

and now constituting sections 1 and 2 of chapter 70 of our Revised Statutes. The first section of this act provides that if death ensues from the wrongful act, default or neglect of another under such circumstances as would have warranted a recovery of damages by the deceased had the injury not proved fatal, an action shall lie to recover the damages occasioned by the death of the injured party. That the damages thus to be recovered are as compensation to persons having a pecuniary interest in the life of the deceased, is manifest from the provisions of the second section of this act, which declares that the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in proportion, provided by law, in relation to the distribution of personal property left by a person dying intestate, and shall be such damages as shall be deemed a fair and just compensation, with reference to the pecuniary injuries resulting from the death of such person, to the wife and next of kin.

Section 2 requires that the action be brought in the name of the executor or administrator of the deceased, but the money received does not constitute assets of the estate for the payment of the claims of creditors, legacies or other charges upon the estate created by a will, or the costs of administration or executorship. The administrator or executor brings the suit and receives the money recovered thereby, not in right of the estate, but as a trustee for those having a pecuniary interest in the continuance of the life of the deceased. City of Chicago v. Major, 18 Ill. 356.

The recovery is limited to the financial or pecuniary loss of such persons by the death of the deceased. The expenses incurred or paid for medical attendance, care or nursing, or otherwise in the endeavoring to effect a cure, the agony and pain suffered and endured by him, the loss of earning while sick or disabled by the injury, can not be considered in estimating the amount of damages. The sole measure of damages is the pecuniary loss of the widow and next of kin

occasioned by the destruction of the life of the deceased person. C. & I. R. R. Co. v. Morris, 26 Ill. 400; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; Conant v. Griffin, 48 Ill. 410.

The enactment of the statute under consideration established the doctrine that the wife and next of kin and each of them had a property right and financial interest in the life of the husband and relative. Prior to its enactment this property or financial interest was not recognized by the law, and no award of compensation for its loss was permitted. Thus a new right of action was created in favor of persons who before had neither right, cause of action or remedy.

If we are right thus far, the wife and children of Daniel Maney, by the operation and effect of the statute, had a financial property interest in the continuation of his life. It did not flow from, nor was it based upon, the desire or consent of Daniel Maney. As husband and father, the law charged him, while living, with the performance of certain duties in their behalf and for their benefit. The duties arose out of marital and parental relations, were created by law, out of consideration of public policy, existed wholly without regard to the will of the husband, and were legally enforcible in his lifetime against him and his property. It was a substantial, subsisting right in favor of his wife and children, available to them during the continuation of his life. Prior to this enactment it ceased at his death. By the enactment the right was kept alive, if his death be occasioned by the wrongful act, neglect or default of another, and a remedy provided for its enforcement against the party so causing his death. Neither argument nor authority would seem to be necessary to sustain the view that the widow and next of kin can not be deprived of the property right so created and vested in them at the will or pleasure or by the contract of another, though he be the party charged with the performance of duties out of which the right grew.

The statute created the right in favor of the wife and children. The amount to be recovered is the financial loss suffered by them, limited only by the express provision of the statute to $5,000, which, when recovered, is to be dis-

tributed to each of them in the proportion that such person would inherit any personal property that the husband and father owned. Each of the beneficial plaintiffs suffered a financial loss by the death of Maney, and became entitled by this enactment of the statute to an award of compensation for such loss. No power existed in him to select by contract or otherwise one of the persons so entitled and invest such one with a right to receive and be paid the full amount of the loss of all, to the exclusion of others likewise suffering financial loss by his death.

The value of the interest of his wife and children in his life, and the amount of their financial loss in case of his death, is limited by the statute, and it was wholly beyond his power to further limit their right of recovery by any contract he might enter into.

The payment relied upon was not made to the plaintiff, and hence is in no way available in defense of this action. It was, it is true, paid to Mary Maney; not, however, to her as administratrix, for the benefit, under the statute, of the widow and children of the deceased, but to her as an individual beneficiary under the provision of a certificate of membership of deceased in the "Relief Department" of the defendant company, and in discharge of the contract obligations of such relief department.

The equities existing between the defendant and Mary Maney, if any were created by the payment, can not be adjusted in this action. Nor is the right of action in any way affected by the failure or refusal of said Mary Maney to refund or offer to refund the money paid to her. In this action she is plaintiff in a representative capacity, charged with the distribution of any moneys that may be recovered to the beneficiary entitled thereto. Her act or omission to act in relation to transactions between the defendant in error and Mary Maney in her individual capacity, can in no wise affect the issues in this case.

Had the contract made by the deceased provided for the payment of the sum named to all the persons who under the statute had right of recovery in the event of his death, the

acceptance of such sum by such persons might have operated to bar further recovery upon familiar principles of estoppel.

But no such bar is created by a contract to pay one only of such persons, nor by the payment to one only. The action is for the benefit of all entitled to recover under the statute, and is not barred, or the right of recovery in any wise affected, by the payment to Mary Maney of the "death benefit" under the contract entered into by the deceased.

Whether Mary Maney ought in justice, receive, in addition to the "death benefit," her proportion of such sum as may be recovered, if any is recovered, in no wise concerns the other parties entitled under the statute. In the determination of that question she and the defendant are the only ones interested, and if occasion demands, no doubt an appropriate remedy will be found to bring it before the courts, and a just determination of that contention secured.

We think the demurrer to the pleas, and each of them, should have been sustained. Therefore, the judgment must be, and is, reversed, and the cause remanded for further proceedings not inconsistent with the views here expressed.