CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1902.

Mattoon Gas Light and Coke Co. v. Catherine Dolan.

1. ACTIONS—*Given to Personal Representative of Deceased for Death by Negligent Act.*—By the common law no right of action was given to the personal representatives of a deceased person whose death was caused by the wrongful act, neglect or default of another; such action is secured only by the statute (chapter 70, R. S.); the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate.

2. STATUTES—*Chapter 70, R. S., Construed.*—The term "administrator" as used in chapter 70, R. S., is construed to mean personal representative.

3. RELEASE—*Of Claim by Sole Beneficiary.*—The right of the sole beneficiary of a suit, who is under no disability, to settle and accept payment of the unliquidated damages due her, is well settled.

4. ADMINISTRATOR—*Right and Authority to Control and Settle Suit.*—The right and the authority of the administrator, who is only the representative of the beneficiary, to control the suit or settle it, is by no means exclusive. The principal may also do what the agent may; the beneficiary, if under no disability, or limitation, may do what the trustee may. The administrator can only sue for, recover and distribute the damages.

5. PRACTICE—*What Evidence is Admissible in Actions Ex Delicto Under the General Issue.*—In actions *ex delicto*, all evidence tending to show that there is no cause of action, may be given under the general issue, and this includes a release.

Trespass on the Case, for personal injuries. Appeal from the City Court of Mattoon, the Hon. LAPSLEY C. HENLY, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

(1)

ALEXANDER CLARK, attorney for appellant.

JOHN F. VOIGT, JR., and ANDREWS & VAUSE, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was before us at a former time (96 Ill. App. 652), and the judgment in favor of Dolan was then reversed for errors of instructions. Pending the suit Timothy Dolan died, and appellee having been appointed administratrix, she was substituted as the plaintiff in the case, and the declaration was amended, charging that Dolan died of the injuries received in consequence of the wrongful act, neglect or default of appellant, and that he left a widow and next of kin. A trial by jury ended in a verdict against appellant for $1,000, of which appellee entered a remittitur of one dollar, and the court, after overruling appellee's motion for a new trial, gave judgment against it for $999, to reverse which this appeal is prosecuted and various alleged errors have been urged upon our attention to effect such reversal, among which are that the court rejected proper evidence offered by the appellant, gave to the jury improper instructions, refused proper instructions, and the verdict is unsupported by the evidence.

The evidence in the case shows that the deceased left a widow, and no children surviving him. By the common law no right of action was given to the personal representatives of a deceased person whose death was caused by the wrongful act, neglect or default of another, and such action is secured only by the statute, (chapter 70, Rev. St.,) and the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. The law in relation to such distribution, where there is a widow, and no child or children, or descendants of a child or children of the intestate, is that the whole of the personal estate

shall descend to such widow as an absolute estate. (Par. 3, section 1, chapter 39 Rev. St.) It has been settled by frequent decisions that the action provided for by the statute is to be in the name of the administrator, that being construed to be the meaning of personal representatives, the term used in the statute; but, as the statute declares, the action is for the exclusive benefit of the widow and next of kin of the deceased person, which by reference to the statute of descents, as has been seen, means in this case, the benefit of the widow alone, as distribution of the amount recovered could only be made to her. After the death of Dolan, this suit could only be prosecuted for the exclusive benefit of his widow. None of his next of kin had an interest in it, and nothing could be recovered on their account. The right to damages is limited to the pecuniary injury to his widow, resulting from the death of the husband. Appellant offered in evidence an instrument of writing, proved to have been executed by the widow, by which she acknowledged the receipt of $200, paid to her by the appellant, in consideration of which she thereby released appellant from the cause of action incident upon her husband's death. The court sustained appellee's objection to the introduction of the paper, and rejected it as evidence in the case. In support of the ruling of the court, we have been cited to Henchey v. Chicago, 41 Ill. 136, and Perry v. Carmichael, 95 Ill. 530. The first of those cases merely decides that the administrator has control of the suit, and could settle and dismiss it, if such conduct was in good faith, and could be brought to account by the beneficiaries for improperly doing so, but the settlement would be conclusive between herself and the defendant. The second case referred to, merely holds that money paid to one who has no authority to receive it, in settlement of the claim of others, is held in trust for the beneficiaries. These cases, we think, prescribed elementary principles that need no argument to support them; but their application to the point in question is not seen. The right of the sole beneficiary of a suit, who is under no disability, to settle and

accept payment of the unliquidated damages due her, it seems to us is too plain and simple to need argument or authority in its support. In Maney v. C. B. & Q. R. R. Co., 49 Ill. App. 105, it was said that the acceptance of a sum in compensation of loss by reason of the death of another, the parties having the relation described in the statute, might operate as a bar of further recovery, by way of estoppel. The right and authority of the administrator, who is only the representative of the beneficiary, to control the suit or settle it, is by no means exclusive. The principal may also do what the agent may. The beneficiary, if under no disability or limitation, may do what the trustee could do. The administrator could only sue for, recover and distribute the damages. The only distributee in this case is the widow of the deceased, and it would be anomalous to say that she could in this form receive two-fold compensation for a pecuniary loss. The only reason for the suit was the failure of the meeting of minds of the parties interested in agreement relative to the liability for, and the amount of the loss; and this being accomplished, there was no longer any requirement for the prosecution of this suit. The suit having been prosecuted rightfully in her representative capacity, and the compromise having been effected afterward, she was at least entitled to nominal damages, and a judgment for costs. It has been suggested that appellee had a lien upon the damages for her expenses. The decision in Henchey v. Chicago, *supra*, holds there is no lien where the damages are unliquidated. It is also further intimated, the release was obtained by fraud. The answer to this is there was no evidence of it, and if there was, that would be a question for the jury to determine. It is also the familiar practice, in actions *ex delicto*, that all evidence tending to show there is no cause of action, may be given under the general issue; and this rule includes a release, such as was offered in evidence in the case, and we are of the opinion it was prejudicial error for the court, as it did, to reject it.

The court instructed the jury to the effect that if

plaintiff was entitled to recover under the evidence, then the jury should assess the damages at such sum as they might believe from the evidence to be just compensation with reference to the pecuniary injury resulting to the wife and next of kin. This instruction, as we have seen, is wrong; the damages should be confined to the wife alone.

It follows from what we have said that upon the admission of the release in evidence it would be proper for the court to instruct the jury upon it; but an instruction of that kind was refused by the court, of which appellant complains. As the evidence was, the instruction was properly refused, for the reason the court had rejected the evidence upon which it was based.

Further complaints have been made and argued with reference to the evidence of the case, and the instructions of the court; but what we have already said we think sufficiently covers all that is material for a proper disposition of the case.

For the errors indicated the judgment of the trial court will be reversed, and the cause remanded for further proceedings in consonance with the views herein expressed.

Reversed and remanded.