William H. Strong, Administrator of Estate of E. F. Horner, Deceased, Plaintiff-Appellant, v. Herbert H. Hodges, Defendant-Appellee.

Gen. No. 10,459.

Opinion filed August 28, 1951. Released for publication September 27, 1951.

JOHN R. SNIVELY, of Rockford, for appellant.

KNIGHT, HAYE & KEEGAN, of Rockford, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On March 18, 1950, William H. Strong, as administrator of the estate of E. F. Horner, deceased, filed his complaint under the Wrongful Death Act, charging in Count One thereof that on March 3, 1949, the defendant drove his automobile in a southerly direction on U. S. Highway 51 near its intersection with Bridge Street in the Town of Roscoe, Winnebago county, Illinois; that plaintiff's intestate, a pedestrian, in the exercise of due care for his own safety, was lawfully upon the western portion of said highway; that defendant negligently drove his automobile upon plaintiff's intestate, resulting in his receiving injuries from which he died on March 20, 1949. Count Two alleged the same acts or omissions of duty as alleged in Count One but charged that they were done or omitted wilfully and wantonly and with a reckless disregard for the safety of others. In both counts it was alleged that decedent left him surviving a son, Horace W. Horner, his sole and only heir at law and only next of kin.

On March 29, 1950, the defendant filed his verified motion to dismiss the suit under section 48 (g) of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, art. VII, par. 172 [Jones Ill. Stats. Ann. 104.048]). The basis for the motion was that Horace W. Horner, the sole and only heir at law and the sole next of kin of the said E. F. Horner, had released the cause of action. Attached to this motion was a copy of the release exe-

307

cuted by Horace W. Horner releasing defendant from all liability occasioned by the accident which resulted in the death of E. F. Horner. A copy of the affidavit of Horace W. Horner, executed at the same time, was also attached to said motion. This affidavit recited that Horace W. Horner was the sole heir at law and next of kin of E. F. Horner, deceased; that no administration had been had in his estate; that the funeral expenses had been paid and that he died intestate leaving no real estate and his personal estate including the claim against defendant for his wrongful death does not exceed $1,000. This affidavit concludes that the purpose for making the same was to induce the defendant herein to pay $750 in settlement of said claim to affiant as the person entitled thereof and pursuant to the probate act concerning small estates.

Also attached to said motion was the affidavit of defendant to the effect that the automobile he was driving at the time it struck E. F. Horner was insured by a policy of automobile liability insurance issued to him by State Farm Mutual Insurance Company; that after March 3, 1949, he informed Horace W. Horner, only son and next of kin of said E. F. Horner, deceased, of the fact of his insurance and that thereafter the representatives of said insurance company and the said Horace W. Horner told affiant (the defendant herein) that any claim, demand, or cause of action which Horace W. Horner might have against affiant had been settled and released.

The affidavit of Thomas A. Keegan, one of the members of the law firm of Knight, Haye and Keegan, was also filed in support of this motion. This affidavit is to the effect that on April 11, 1949, said law firm represented said State Farm Mutual Insurance Company; that on that day, Horace W. Horner appeared in the office of Knight, Haye and Keegan and gave to affiant the facts as set forth in the affidavit of Kenneth Albee,

hereinafter referred to; that at that time Horace W. Horner also executed the affidavit and release hereinbefore referred to.

The affidavit of Kenneth Albee was to the effect that on March 21, 1949, he was employed as an adjuster for the State Farm Mutual Automobile Insurance Company and on that day the said Horace W. Horner came to the office of said company in Rockford and there met affiant; that Horace W. Horner then and there informed affiant that his late father, E. F. Horner, had been struck by an automobile driven by defendant on March 3, 1949, and had died on March 20, 1949; that he, Horace W. Horner, was the sole heir; that he had no intention of petitioning for Letters of Administration as his father had no estate to administer and that he wished, as the only heir and next of kin of E. F. Horner, deceased, to settle and compromise his claim against defendant; that subsequently the sum of $750 was agreed upon, and a draft therefor was delivered to Horace W. Horner and accepted by him in full settlement and compromise of any and all claims or cause of action which he then had against the defendant, Herbert H. Hodges, and that the payment of $750 formed the consideration for the release which Horace W. Horner then executed.

On May 5, 1950, this motion to dismiss was heard, and at the conclusion of the hearing the court dismissed the complaint and rendered an appropriate judgment. Thereafter and on June 3, 1950, a motion to vacate this judgment was made by the plaintiff. This motion was not verified but was accompanied by the following affidavit, viz:—

"State of Illinois )
 ) SS.
Winnebago County)

"John R. Snively, being first duly sworn, on oath deposes and says:

"1. That he is the attorney of record for the plaintiff.

"2. That no notice of the hearing of the motion was served upon him by the defendant in accordance with Rule 7 of the Supreme Court.

"3. That he did, however, receive a notice from the Clerk of this court on May 4, 1950, that the hearing was set for May 5, 1950.

"4. That E. F. Horner left him surviving no widow, and Horace W. Horner, a son, as his next of kin, that said next of kin is a resident of the State of Wisconsin, and that he has not had an opportunity to talk with him relative to the motion.

John R. Snively"

(Jurat omitted)

On June 16, 1950, the trial court denied the motion to vacate, and this appeal follows.

It is insisted by counsel for appellant that the personal representative of a deceased person has the exclusive right of action under the Wrongful Death Act and has the legal right to control the prosecution and disposition of the same. Counsel also contends that a release by the sole beneficiary or next of kin will not bar an action for wrongful death by the personal representative of a deceased person. In support of these propositions counsel cite and rely upon *Henchey v. City of Chicago,* 41 Ill. 136; *Miller v. Pinkney,* 164 Ill. App. 576; *Ringel v. Pearson,* 306 Ill. App. 285; and *Maney v. Chicago, B. & Q. R. Co.,* 49 Ill. App. 105.

The question involved in *Henchey v. City of Chicago,* 41 Ill. 136, was whether the administratrix-plaintiff in a wrongful death case had the power to stipulate that her case against the City of Chicago be dismissed. In holding that she did, 'the court said (p. 140): "The statute vested in her, as administratrix, the right of action and the legal title to whatever damages were

310

recoverable. This, of necessity gave her the legal right to control the prosecution and disposition of the suit, as an administrator has in other cases.''

In *Miller v. Pinkney,* 164 Ill. App. 576, the plaintiff brought suit to recover $1,000 received by the defendants, as lawyers for the plaintiff, in settlement of an action for causing the death of plaintiff's intestate. It appeared that defendants had received $1,000 in settlement of the case and retained $100 for their services and paid the court costs and gave the balance to one of the next of kin and then dismissed the case. The defendants contended they had a right to so settle the case and distribute the money so received without the consent or approval of the administrator or the probate court. In reversing the judgment of the trial court and in rendering judgment for the plaintiff for the full $1,000, the court said: ''Appellant . . . as such administrator was the only party in whose name the suit could be maintained and had the right to control the disposition of the suit. *Washington v. L. and N. Ry. Co.,* 136 Ill. 49. Where pending the suit a settlement was made it is the duty of the administrator to see that the proceeds of such settlement are placed in the hands of the parties who are lawfully entitled to them. *Perry v. Carmichael,* 95 Ill. 519. . . . It is clear that a distribution should only be made by the administrator after an adjudication by the probate court. The defendants in making the settlement without the consent of the administrator acted illegally. There appears to have been the consent of only two of the next of kin to the settlement.''

*Ringel v. Pearson,* 306 Ill. App. 285, held that a release fairly and understandingly executed by the plaintiff-administrator in good faith in a wrongful death action was valid and that such administrator had authority to settle his claim against a party for wrongfully causing the death of his intestate without

an order of the probate court authorizing him to do so. In *Maney v. Chicago, B. and Q. R. Co.*, 49 Ill. App. 105, pleas to the declaration in a wrongful death case were filed which averred that in the lifetime of plaintiff's intestate he, said intestate, had made application for insurance in a branch of the defendant company, called its "Relief Department"; that he was accepted as a member, receiving a certificate of membership entitling his widow, Mary Maney, to receive $2,500 in case of his death; that it was also provided in said application that the acceptance of any benefits from the relief department by the beneficiary should operate as a release of all claims for damages which could be made by applicant's heirs, executors or administrators; that after the death of plaintiff's intestate defendant paid to the widow, his beneficiary, the sum of $2,500, which amount she accepted and by so doing released defendant from all claims for damages which his legal representatives might make against him. The trial court overruled a demurrer to the pleas. In reversing the judgment of the trial court and holding that the facts alleged in the pleas did not constitute a defense to the action, the court observed that it was not averred in any of the pleas that Mary Maney presented the claim as administratrix or that the payment was to her in that capacity; that the statute created a right in favor of the wife and children of plaintiff's intestate; that the amount to be recovered in such an action is the financial loss suffered by them and when recovered the amount is to be distributed to each of them in the same proportion that such person would inherit any personal property that the husband and father owned; that no power existed in the father to select by contract one person with the right to receive and be paid the full amount of the loss to the exclusion of others likewise suffering loss by his death. The court concluded by holding that the statu-

tory action for wrongful death is for the benefit of all the next of kin and cannot be barred or right of recovery affected by the payment to the widow of plaintiff's intestate the death benefit under a contract entered into by the deceased with the defendant.

In our opinion, there is nothing said in any of the cases relied upon by appellant which sustains his position or is determinative of the question presented by this record. What is said in *Mattoon Gas Light and Coke Co. v. Dolan,* 105 Ill. App. 1, is, however, applicable. That was a wrongful death action and the record disclosed that Timothy Dolan left a widow but no children surviving him. Upon the trial, the defendant offered in evidence a release executed by the widow acknowledging the receipt of $200 paid to her by defendant in consideration of which she released defendant from the cause of action incident upon her husband's death. The trial court denied admission of this release in evidence. In reversing a judgment in favor of the plaintiff, the court said (pp. 3–4) : "The right of the sole beneficiary of a suit, who is under no disability, to settle and accept payment of the unliquidated damages due her, it seems to us is too plain and simple to need argument or authority in its support. . . . The right and authority of the administrator, who is only the representative of the beneficiary, to control the suit or settle it, is by no means exclusive. The principal may also do what the agent may. The beneficiary, if under no disability or limitation, may do what the trustee could do. The administrator could only sue for, recover and distribute the damages. The only distributee in this case is the widow of the deceased, and it would be anomalous to say that she could in this form receive two-fold compensation for a pecuniary loss. The only reason for the suit was the failure of the meeting of minds of the parties interested in agreement relative to the liability for, and the amount of

313

the loss; and this being accomplished, there was no longer any requirement for the prosecution of this suit."

In *Voorhees v. Chicago & A. R. Co.*, 208 Ill. App. 86, it appeared that Mattie Ryan and Stuart Ryan, mother and son, were killed in the same accident, and Marcus Ryan, the husband and father, was the sole surviving next of kin of both. Marcus Ryan waived his right to administer, and M. B. Voorhees was appointed administrator of both estates and brought two suits under the Injuries Act to recover for the death of the mother and son. Upon the trial of the issues in the case brought to recover damages for the death of Mattie Ryan there was a verdict and judgment for the defendant. In the proceeding brought by the administrator to recover for the alleged wrongful death of the son, Stuart Ryan, the defendant pleaded estoppel by verdict. The court sustained that plea so far as the issues made by the negligence counts were concerned. In the course of its opinion, the court, after stating that under the Injuries Act neither the administrator nor the estate of the deceased has any interest in or right to the benefits of any judgment that might be recovered, and while Voorhees, as administrator in the respective estates, was a necessary party, he was only a formal party having no interest therein whatever, continued (p. 93) : "Marcus Ryan, being the sole beneficiary and under no disability, had the right to settle and to accept and receipt to defendant for any damages, if he was entitled to recover damages for the death of his wife and children if the same had been caused by the negligence of the defendant. Voorhees as administrator in the several estates was but the legal agent of the beneficiary, Marcus Ryan."

In the instant case the settlement was made by the sole next of kin and beneficiary. He was under

314

no disability. It is not insisted that there was any fraud or undue influence exerted in effecting the settlement. The sole beneficiary and next of kin is not here complaining, but the copy of his own affidavit filed in connection with the defendant's motion to dismiss discloses that the release which he executed was intended to and did discharge defendant from any liability sought to be imposed upon him by this proceeding. Appellant in this proceeding is the agent or representative of the beneficiary. His control over this suit is not exclusive. There is no merit in counsel's argument that appellant has the sole and exclusive right to compromise, settle and release this cause of action.

 It is also insisted by counsel for appellant that the trial court refused to give him an opportunity to present counteraffidavits and that the action of the lower court in refusing to grant a continuance was an arbitrary abuse of discretion. The record, however, does not sustain counsel's contention. What the record discloses is that the decedent was injured on March 3, 1949, and died on March 20, 1949. On March 18, 1950, the instant complaint was filed. Before the return day and on March 29, 1950, defendant filed his motion to dismiss and a hearing thereon was set for May 5, 1950. On May 4, 1950, the attorney for the plaintiff received notice from the clerk of the setting of this motion for hearing on May 5, 1950, and on that day counsel for the plaintiff appeared in open court and a hearing was had upon defendant's motion to dismiss. In appellant's brief, counsel states that on May 5, 1950, the parties appeared by their respective attorneys and that at the hearing of the motion to dismiss the plaintiff requested an extension of time to present counteraffidavits but the court refused to grant a continuance. If such an application for a continuance was made, the record does not disclose

that fact. At the conclusion of the hearing on May 5, 1950, the motion to dismiss was sustained and an appropriate judgment entered. It was not until June 3, 1950, that counsel for appellant filed a motion to vacate the order of May 5, 1950. Counsel's affidavit in support of that motion states that the judgment should be vacated because "E. F. Horner left him surviving no widow and Horace W. Horner as his next of kin; that said next of kin is a resident of the State of Wisconsin and that he has not had an opportunity to talk to him relative to the motion." In this state of the record, it cannot be said that the trial court abused its discretion in refusing to vacate the judgment previously rendered. Appellant at no time made any application for a continuance nor did he file any counteraffidavits. The allegations of defendant's motion to dismiss supported as it was must be taken as true. (*People v. U. S. Fidelity & Guaranty Co.*, 306 Ill. App. 518.) The judgment of the circuit court of Winnebago county is therefore affirmed.

*Judgment affirmed.*