(No. 36870.

THEDA SMITH, Appellant, *vs.* THOMAS W. BISHOP, JR. *et al.*, Appellees.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

Schaefer, J., dissenting.

Finfrock and Finfrock, and Appleman, Zimmerly & McKnelly, both of Urbana, (John H. Finfrock, and John Alan Appleman, of counsel,) for appellant.

Reno & O'Byrne, of Champaign, (Donald M. Reno, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Theda Smith brought an action in the circuit court of Champaign County for personal injuries. Summary judgment was entered for defendants on the ground that plaintiff had been next of kin in whose behalf an action had been brought against the same defendants for wrongful death of her two infant children killed in the same accident, that the wrongful death action had resulted in a verdict and judgment for defendants, and that estoppel by verdict applies. Judgment in the present case was affirmed in the Appellate Court, and we have granted plaintiff leave to appeal to this court for further review.

Plaintiff was injured in an automobile accident. The facts relating to the occurrence appear at length in the wrongful death case. (See *Gordon* v. *Farmer City Cheese Co.* 32 Ill. App.2d 85.) In brief, plaintiff was in a car with her husband and their three young children, traveling on one of the principal highways in this State. Her husband was driving. Ahead of them appeared a milk truck traveling slowly in the same direction. Just as they pulled out to get around it, the truck made a left turn into a farm driveway. In the resulting collision the husband and two minor daughters lost their lives. The plaintiff and their small son were injured but survived.

The wrongful death action was brought by the administrator of the daughters' estates against the truck driver and his employer, charging negligence, and also against the administrator of the father's estate, charging wilful and wanton misconduct by the decedent in the operation of his car. The present action was brought against the same defendants for injuries incurred by the plaintiff personally in the same accident. The sole question is one of law, namely whether or not the doctrine of estoppel by verdict applies.

The general rules were stated in *Hoffman* v. *Hoffman,* 330 Ill. 413, as follows: "Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespec-

tive of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict." There is a difference, then, between the effect of a judgment as a bar against the prosecution of a second action on the same claim, and its effect as an estoppel in an action upon a different claim. In the first situation the judgment is conclusive not only as to what was actually determined in the former case but also as to any other question which could have been raised therein. (*Skolnik* v. *Petella,* 376 Ill. 500.) In the second situation, where the subsequent litigation is upon a different claim or cause of action, the determination is not conclusive unless the precise question in controversy had been raised and determined in the former litigation. *Ohio National Life Ins. Co.* v. *Board of Education,* 387 Ill. 159, 167-168; *Hoffman* v. *Hoffman,* 330 Ill. 413.

In the case at bar it is obvious that the claim or cause of action for wrongful death of a child is not the same as the claim or cause of action for Mrs. Smith's personal injuries. The bar, if any, must therefore be by way of estoppel by verdict, in which it must be shown that the identical question—*i.e.,* whether the truck driver was guilty of negligence and the deceased driver guilty of wilful and wanton misconduct—was decided in the wrongful death case. One of the plaintiff's arguments to avoid estoppel is that since the verdict was a general one it might have been based upon a failure to find damages, rather than upon a failure to find liability, and that there was therefore no determination of the specific issue involved here.

We find it unnecessary to further consider this argument, since we think there is no identity of parties, within the meaning of the doctrine of *res judicata.* The basis of the doctrine is that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action. (*Hedlund* v. *Miner,* 395 Ill. 217, 229-230; *Newberry Library* v. *Board*

*of Education,* 387 Ill. 85. ) The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privy to one who was a party. *Ohio National Life Ins. Co.* v. *Board of Education,* 387 Ill. 159.

That Mrs. Smith was not a party to the wrongful death action is evident from the fact that she was not named as such therein, did not appear, and had no right to adduce testimony, cross-examine witnesses or otherwise control the prosecution thereof. (See *Schafer* v. *Robillard,* 370 Ill. 92; *Orthwein* v. *Thomas,* 127 Ill. 554, 571.) Nor was she in privity with the administrator of the children's estates, even though she was one of the next of kin and a beneficiary of the cause of action for wrongful death. A privy to a judgment is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. (*Schafer* v. *Robillard,* 370 Ill. 92; *Orthwein* v. *Thomas,* 127 Ill. 554.) Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation. (*Sweeting* v. *Campbell,* 2 Ill.2d 491, 496.) Mrs. Smith did not acquire her rights in this action from the administrator of the children's estates, nor is her relationship to such rights either mutual with or successive to that of the administrator. He had no beneficial interest but possessed sole right of action or control over the litigation. Mrs. Smith, as next of kin, had no right of action or control over the litigation but merely possessed a beneficial interest in the proceeds. In the case at bar, the fact that Mrs. Smith was a beneficiary in the wrongful death case did not make her a plaintiff therein. Nor did she succeed to the right of action or in any other manner become privy thereto so as to bring her within the rule of estoppel by verdict.

It follows from what we have said that the circuit court

erred in granting summary judgment for defendants, and the Appellate Court erred in affirming such judgment. Each judgment is reversed and the cause is remanded to the circuit court of Champaign County with directions to deny the motion for summary judgment.

*Reversed and remanded, with directions.*

Mr. JUSTICE SCHAEFER, dissenting:

The earlier action, for wrongful death, was prosecuted for the benefit of this plaintiff and in her interest. The administrator, as nominal plaintiff, had no interest in the claim asserted, either personally or on behalf of the estates of the decedents. He represented only the right of this plaintiff and her minor son, who were the beneficiaries under the Wrongful Death Act. In legal effect, the administrator was no more than an attorney in fact for the prosecution of this plaintiff's claim. Whether the defendants were at fault in the identical respects charged in the complaint in this case has already been, fully litigated and adjudged in a suit brought on this plaintiff's behalf. She should not now be permitted to relitigate the matters there decided.

The aspect of privity discussed in *Sweeting* v. *Campbell*, 2 Ill.2d 491, 496, was the aspect of that concept which was relevant to the facts of that case. By now applying the limited aspect of privity which was there involved as a comprehensive definition, the majority confines the effect of a judgment to those persons formally named as parties and to others who either succeed to the interests adjudged or occupy some mutual relationship with the formal parties. The effect of the incomplete definition is to write out of the law the entire doctrine of virtual representation. Plainly, a person is bound by the result of litigation fairly conducted in his behalf by an authorized representative. Whether the representative is a trustee, guardian, conservator, executor, administrator, or representative of a class, the judgment

binds those beneficially interested. *Hale* v. *Hale,* 146 Ill. 227, 256-57; *White* v. *Macqueen,* 360 Ill. 236, 243; *Willett Co.* v. *Carpentier,* 4 Ill.2d 407, 411.

This fundamental principle is an essential ingredient in any inclusive definition of privity. "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. The word 'privy' includes those who control an action although not parties to it; *those whose interests are represented by a party to the action;* successors in interest to those having derivative claims." Restatement of Judgments, § 83, Comment a. (Emphasis added.)

It has long been settled that in determining the existence of privity it is identity of interest that controls, and not the nominal identity of parties. (*Hanna* v. *Read,* 102 Ill. 596, 605.) As the Supreme Court of the United States said in holding that a State court's determination of an issue was controlling in a subsequent action in a Federal court, "The fact that the party impleaded, under the state law, was the widow, and, under the Federal law, was the personal representative, does not settle the question of identity of parties. That must be determined as a matter of substance and not of mere form." *Chicago, Rock Island, & Pacific Railway Co.* v. *Schendel,* 270 U.S. 611, 618.

Here the present plaintiff was concededly represented in the prior suit. As the mother of the decedents and the only lineal survivor, she was the principal beneficiary under the Wrongful Death Act. (Ill. Rev. Stat. 1961, chap. 70, par. 2.) The extent of the interest of a beneficiary is demonstrated by that fact that a sole beneficiary may settle a wrongful death claim without the concurrence of the administrator. (*Strong* v. *Hodges,* 344 Ill. App. 306; *In re Trost's Estate,* 292 Ill. App. 60; *Mattoon Gas Light & Coke*

*Co.* v. *Dolan,* 105 Ill. App. 1.) It is the prevailing view that a person does not avoid the effect of a prior adjudication because he appears as a formal party in his individual capacity in one suit and is represented as the wrongful death beneficiary in the other. *Voorhees* v. *Chicago and Alton Railroad Co.* 208 Ill. App. 86; *Chicago, Rock Island & Pacific Railway Co.* v. *Schendel,* 270 U.S. 611; *Gibson* v. *Solomon* (1939), 136 Ohio St. 101, 23 N.E.2d 996; *Vaughn's Administrator* v. *Louisville & Nashville Railroad Co.* (1944), 297 Ky. 309, 179 S.W.2d 441; *Keith* v. *Willers Truck Service, Inc.* (1936), 64 S. Dak. 274, 266 N.W. 256; *St. Louis-San Francisco Railway* v. *Stuckwish* (1929), 137 Okla. 251, 279 Pac. 683; *Chamberlain* v. *Mo-Ark Coach Lines, Inc.* (1945), 354 Mo. 461, 189 S.W.2d 538.

In several of these cases, it was pointed out that the beneficiary who was barred was the sole beneficiary. In the present case both the plaintiff and her infant son were beneficiaries in the wrongful death action. While the Supreme Court of the United States was not called upon to pass on the question in *Chicago, Rock Island & Pacific Railway Co.* v. *Schendel,* 270 U.S. 611, the tenor of its opinion made it clear that it was disposed to hold that the presence of additional beneficiaries would not affect the result. It was so held in *Brinkman* v. *Baltimore and Ohio Railroad Co.* (Ohio App. 1960) 172 N.E.2d 154, 157. In the absence of any suggestion of a difference among the beneficiaries with respect to control of the action brought by their representative, I see no reason why the presence of multiple beneficiaries should affect the result. (Cf. *Hansberry* v. *Lee,* 311 U.S. 32.) In this case there is no suggestion of such a controversy, and the doctrine of estoppel by verdict, or collateral estoppel, should be applied.

Under that doctrine the plaintiff, as a privy, should be estopped from relitigating issues of fact decided in the prior suit. There is no doubt, it sems to me, concerning what the

defendants' verdict there decided. It is common ground between the parties that as a matter of law, neither the two deceased daughters nor the surviving son could have been guilty of contributory negligence or wilful and wanton misconduct. Of course the plaintiff can gain no advantage from the possibility that her own misconduct caused the accident, and, in any case, under the Wrongful Death Act as amended in 1955, (Ill. Rev. Stat. 1961, chap. 70, par. 2) the contributory negligence of this one beneficiary would have afforded only a partial defense. It could not have barred recovery altogether. It must have been determined, therefore, that the husband was not guilty of wilful and wanton misconduct and that the owner and operator of the truck were not guilty of negligence. These are the defendants in the present case, and this is the misconduct with which they are charged.

The plaintiff also seeks to avoid the jury's verdict in favor of the defendants on the possibility that it may have rested upon a finding that because one of the deceased children was five months old and the other less than four years old, their deaths could have resulted in no financial loss to the beneficiaries. This theory, however, runs counter to the instructions under which the jury reached its verdict. As to each of the defendants, the jury was instructed that if they found that the plaintiff was not entitled to recover, they would have no occasion to consider the extent of damages.

And on the issue of damages the jury was instructed: "If you find from the greater weight of the evidence, and under the instructions of the Court, that the plaintiff, Glenn H. Gordon, as the administrator of the estate of Barbara Smith, deceased, is entitled to recover for the death of said decedent, then you may allow damages in such sum as you believe from the greater weight of the evidence and under the instructions of the Court, to be a fair and just compensation for the pecuniary injuries resulting to the mother and

brother of such deceased person from such death, but not exceeding the sum of Thirty Thousand Dollars ($30,-000.00). The measure of such damages is the amount which you find such deceased person would in all probability have added to her estate had she not been killed in the occurrence in question." It was stipulated at the trial that the two decedents had life expectancies of about 70 years each. It seems to me that the last sentence of this instruction, taken in conjuction with the stipulation, negatives the plaintiff's contention that the jury's verdict might have been based upon the theory that no pecuniary loss resulted from the death of the two daughters. Moreover, the plaintiff as mother of the decedents is presumed to have suffered damages from the death, and would be entitled to a substantial recovery without proof of actual pecuniary loss. In any event, nominal damages would follow upon a finding of liability. *Wilcox* v. *Bierd,* 330 Ill. 571; *Dodson* v. *Richter,* 34 Ill. App. 2d 22.

In my opinion the trial court and the Appellate Court correctly decided this case, and I would affirm the judgment of the Appellate Court.