Waity Fortune, et al., Plaintiffs-Appellees, v. Malcolm Henry, Baptist Church of Pleasant Hill, Pike County, Illinois, Flora Osterman, et al., d/b/a Zimmerman Brothers, et al., Defendants. Baptist Church of Pleasant Hill, Pike County, Illinois, Defendant-Appellant.

Gen. No. 10,523.

Fourth District.

March 6, 1964.

Schimmel and Schimmel, of Pittsfield, for Baptist Church of Pleasant Hill, Pike County, defendant-appellant.

Grigsby & Irving, of Pittsfield, and Carstarphen & Harvey, of Hannibal, Missouri, for appellees.

SMITH, J.

Plaintiffs filed their suit to partition 80 acres of land and two city lots. The decree from which this appeal is taken found that the defendant, Malcolm

Henry, was the owner of one-half of the property and this is not in dispute. It further found that the plaintiffs were the owners of the remaining one-half and from this finding the defendant, Baptist Church of Pleasant Hill, appeals. The suit proceeded to sale, deeds were given to the respective purchasers and one-half of the purchase price, by stipulation, is held in escrow pending final determination of its ownership. Since a freehold is no longer directly involved, the Supreme Court, on direct appeal, transferred the case to us.

Clause Four of the will of one Jabe R. Fortune is the seed bed of this litigation. In Clause Three Jabe gave his wife, Ollie, a life estate in all of his property with a remainder in fee in half of the property to the defendant Malcolm Henry and a like remainder in fee in one-fourth to each of his brothers, George Fortune and Claude Fortune. The plaintiffs here are the heirs or testamentary devisees of the brothers in succession. Then came Clause Four (emphasis supplied) as follows:

> "Fourth: Should Malcolm Henry die prior to the death of my wife, Ollie Fortune, then it is my will that all of said property, real, personal and mixed, shall descend to and vest in my said two brothers, George Fortune and Claude Fortune, share and share alike, subject to the life estate of my said wife, AND SHOULD THE SAID MALCOLM HENRY DIE PRIOR TO THE DEATH OF MY SAID WIFE, and either of my brothers be deceased at the time of the death of my said wife, then the whole shall go to the survivor of them, and should they both be deceased, then it is my will that all of said property, real, personal and mixed shall vest in and become the sole property of the Baptist Church of Pleasant Hill, Pike County, Illinois."

306

The sequence of deaths is as follows:

Jabe R. Fortune..............1924
George Fortune ..............1939
Claude Fortune .............1947
Ollie Fortune ................1959
Malcolm Henry .........still living

■ The Baptist Church is the sole appellant and contends that, since George Fortune and Claude Fortune both predeceased the life tenant, it should receive the one-half of the property which the trial court awarded to the plaintiffs as successors in title to George and Claude. We cannot subscribe to that contention. Appellant is mentioned only in clause Four of the will. That clause clearly and succinctly states that appellant was to receive the whole of the property only in event that the life tenant survived Malcolm Henry, George Fortune and Claude Fortune. That clause is patently geared in its entirety to the death of Malcolm Henry prior to that of the life tenant. He survived her. The event that would energize clause Four did not occur. Neither by construction nor precise language was the appellant ever to receive a one-half interest. It was to receive the whole of the property under factual circumstances that did not occur. Appellant's interest in the property must be found elsewhere, if at all.

■ Its further claim to a one-half interest is bottomed on a 1944 partition suit involving a one-fourth interest in other property. In that suit plaintiffs or their ancestors were parties. The will of the same Jabe R. Fortune was the conduit of the ownership of that one-fourth interest. At the time the decree was entered in that suit Malcolm Henry, Claude Fortune and Ollie Fortune were all living. Since Ollie Fortune was still living it could not then be known who her survivors would be or to whom this one-fourth

interest would ultimately go. The property was sold and the proceeds of the one-fourth interest amounting to $531.20 was deposited with the County Treasurer awaiting the death of Ollie Fortune. The order of distribution then provided that upon the death of Ollie and under the terms of clause Four of Jabe's will, if "Malcolm Henry is living and Claude Fortune is deceased, Malcolm Henry shall receive one-half of said fund remaining in the hands of the County Treasurer and the Baptist Church of Pleasant Hill, Illinois, shall receive the remaining one-half of said fund." Upon the death of Ollie, Malcolm Henry and the Baptist Church filed an ex parte petition based on this decree and each was paid 50% of the $531.20. Under these circumstances the appellant claims that the plaintiffs are barred from any interest in the present property through the doctrine of res judicata or estoppel by verdict.

The clear, concise and unambiguous language of clause Four provided for the devolution of the property upon the death of Malcolm Henry prior to the life tenant as follows: (a) if both brothers survived, they shared alike in the whole of the property or (b) if only one survived, he took the whole of the property or (c) if all three predeceased the life tenant, the Baptist Church took the whole of the property. In the face of this clause of the will the 1944 order of distribution defies explanation. The record before us suggests an explanation. The words "and should Malcolm Henry die prior to the death of my wife" appearing near the middle of clause Four and italicized above were wholly omitted and nowhere appear in the record of that proceeding. It seems apparent that the last half of the clause was then read without regard to the death of Malcolm and, as so emasculated, was read to give the interest of the two predeceased brothers to the Baptist Church. All parties including court and counsel dealt with a maverick. The 1944 proceedings

308

never did adjudicate the document that was in truth and in fact the last will of Jabe R. Fortune. It is apparent that the order of distribution was in error and did violence to the plain and unequivocal testamentary intention of the testator. Do either the doctrine of res judicata or estoppel by verdict compel us to perpetuate that error? We think not.

Our Supreme Court has recently (1962) enunciated the rules governing these two doctrines in Smith v. Bishop, 26 Ill2d 434, 436, 187 NE2d 217, 218 as follows:

> "The general rules were stated in Hoffman v. Hoffman, 330 Ill 413, as follows: 'Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict.' There is a difference, then, between the effect of a judgment as a bar against the prosecution of a second action on the same claim, and its effect as an estoppel in an action upon a different claim."

Within the perimeter of these pronouncements it seems apparent that there is no identity of subject

309

matter sufficient to invoke the doctrine of res judicata. The real estate formerly partitioned was wholly different than the real estate now partitioned. The will of Jabe R. Fortune then before the court was manifestly a bobtailed edition of clause Four and not the will now considered. The burden is on the party "relying upon the doctrine of res judicata as to a particular issue . . . to prove that such issue was involved and actually determined in the prior action, where this does not appear from the record." 30A Am Jur Judgments Par 466. It is nowhere affirmatively shown that the true will of Jabe R. Fortune was ever before the court in 1944. It strains credulity to believe that the result obtained in 1944 was predicated upon a consideration of the will now before us. It seems clear to us that subject matter litigated in 1944 is not the subject matter litigated today. It follows that the plea of res judicata is without merit.

In Smith v. Bishop, supra, the court further said

"In the second situation (estoppel by verdict) where the second litigation is upon a different claim or cause of action, the determination is not conclusive unless the precise question in controversy had been raised and determined in the former litigation."

From what we have already said it is apparent that the devolution of the property here involved under the proper will of Jabe R. Fortune was neither raised nor determined in 1944. The true will is here the subject of litigation for the first time. The doctrine of estoppel by verdict is inapplicable to the record here present.

Accordingly the judgment of the Circuit Court of Pike County must be and it is hereby affirmed.

Affirmed.

CROW, P. J. and SPIVEY, J., concur.