(No. 76-CV-0550—▪▪▪▪▪▪)

*In re* APPLICATION OF JULIA DE PALMA.

*Order filed April 30, 1980.*

MAHONEY & McARDLE, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss the claim heretofore filed by Julia DePalma, as guardian and next friend of Denise Simone, Anthony Simone, and Michelle Simone, minors.

Respondent's motion sets forth that on June 19, 1974, Rosemary Simone, wife of the deceased victim, William

V. Simone, filed an application under the Crime Victims Compensation Act for funeral expenses and loss of support on behalf of herself and her three minor children, Denise, Anthony, and Michele Simone. Said motion also sets forth that on March 8, 1976, Julia DePalma, Claimant therein, filed an application under the Act as guardian and next friend of Denise, Anthony and Michelle Simone. This claim is for funeral expenses and loss of support on behalf of the minor children.

The present claim arises out of the same incident for which benefits were claimed under *Rosemary Simone v. State of Illinois*, 74-CV-0072. Claimant was denied benefits in that case on the grounds that she did not cooperate with law enforcement officials as required by the Act. A copy of the Court's opinion, dated September 5, 1975, was attached to Respondent's motion to dismiss.

It is Respondent's contention that the Court's decision of September 5, 1975, is conclusive to the entire matter and that the present claim should be dismissed. Respondent cites the case of *Rolando v. Farmers and Miners Bank of Ladd* (1978), 60 Ill. App. 3d 158, 376 N.E.2d 760. In that case, the Appellate Court used the following language:

"The doctrine of res judicata, which the bank seeks to invoke, provides that a former adjudication is an absolute bar to a subsequent proceeding if there is an identity of parties, subject matter, and cause of action between the two actions. In such a situation the prior judgment is conclusive not only as to what was actually determined in the first case but is conclusive also as to any question which could have been raised. *Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217. Thus if the party against whom the doctrine is raised had an opportunity to litigate the same matter in a former action, the former determination is conclusive. *Hedlund v. Miner* (1946), 395 Ill. 217, 69 N.E.2d 878.

Claimants in the present case were also Claimants in the original suit and the State of Illinois is a party to both suits, and the subject matter in the case heretofore disposed of by the Court of Claims and the present case are

the same. Thus res judicata is a bar to the present case and said cause is dismissed.