Joe H. Pritchett, Administrator of the Estate of Franklin Gale Bowen, Deceased, Plaintiff-Counter Defendant-Appellee, and Betty L. Bowen and Howard Young, Sr., Plaintiffs-Appellees, v. Steinker Trucking Company, Inc., a Corporation, Defendant-Counter Plaintiff-Appellant, and Mary Jane Miller, Individually, and as Administrator of the Estate of Paul Richard Miller, Deceased, Counter Plaintiff-Appellant.

Gen. No. 10,777.

Fourth District.

July 10, 1967.

Rehearing denied and opinion modified October 13, 1967.

Greanias & Owen, of Decatur (Robert D. Owen and Marshall A. Susler, of counsel), for appellants.

Robert P. Shonkwiler, of Monticello, and Webber & Welsh, of Decatur (Richard J. Welsh, of counsel), for appellees.

CRAVEN, P. J.

This appeal arises from denial of a post-trial motion following entry of judgments on jury verdicts in favor of plaintiffs. The plaintiff Joe H. Pritchett, administrator of the estate of Franklin Gale Bowen, recovered damages for wrongful death of Bowen; Betty L. Bowen, widow of Franklin, recovered last expenses, and Howard Young, Sr., recovered damages to his tractor and semitrailer which were being operated by Bowen. The defendant Steinker Trucking Company, Inc., was denied recovery on its counterclaim for property damage to its tractor and trailer, and Mary Jane Miller, administrator of its deceased driver, was denied recovery on her intervening counterclaim for damages both for wrongful death of her decedent, Paul Richard Miller, and for his last expenses. The errors alleged are:

1. That the trial court erred in striking defendant Steinker's affirmative defense that plaintiffs were estopped to try the issue of Miller's negligence by the verdict and judgment in a former proceeding arising out of the same transaction;

2. That the verdict of the jury was against the manifest weight of the evidence;

3. That plaintiff's expert witness improperly was permitted to give an opinion on the manner of the happening of the collisions involved in the proceedings;

4. That the trial court erred in allowing testimony that plaintiff's decedent was a person of careful habits;

5. That the trial court erred in not granting a new trial on the basis of newly discovered evidence.

Only the first ground of alleged error would end the controversy without the necessity of a new trial.

The collisions out of which the various claims of these parties arise have been before this court before, Miller v. Pillsbury Co., 56 Ill App2d 403, 206 NE2d 272 (4th Dist 1965), and in the Supreme Court of Illinois, 33 Ill 2d 514, 211 NE2d 733 (1965). The collisions occurred on U. S. Route 36 between a tractor-trailer unit full of hogs driven by Miller for Steinker Trucking Company, Inc., in a westerly direction, and two semitrailer trucks leased by Young to Pillsbury Company, being driven east. The first event was a sideswipe collision between Miller's vehicle and the Pillsbury truck driven by Mack Pargin, followed by a head-on collision between Miller's truck and the following Pillsbury truck being driven by Bowen. Both Miller and Bowen were killed. Extensive damage was done to Pillsbury cargo in the trailer of Young's truck which was driven by Bowen and leased to Pillsbury. Young suffered a total loss of the value of that equipment. Steinker, likewise, lost the value of the hogs and the equipment Miller was driving. The center line of Route 36 is the dividing line between Moultrie County on the south and Piatt County on the north. In the former case, tried in Moultrie County, Miller's administrator sued Pillsbury and Pargin, and recovered a verdict for wrongful death. Also in that case, Pillsbury lost a counterclaim for damage to its cargo in the trailer of the truck driven by Bowen. Because of the Moultrie County verdicts and judgments, defendants contend that Bowen's administrator is estopped to litigate, in this suit, the issue of Miller's negligence.

The verdicts in the two suits on that issue are patently in conflict. In Miller v. Pillsbury Co., Miller's conduct was directly in issue as to whether he was using ordinary care for his own safety at the time of the collisions and as to whether he was negligent with respect to the goods of Pillsbury. In this suit, Miller's administrator is not a defendant but the theory of recovery

against his employer Steinker is based upon respondeat superior only, as Steinker is sought to be held responsible for the same conduct of Miller previously passed upon favorably to Miller's administrator by the jury in the former case.

More than mere identity of issues is required to impose estoppel. A concomitant part of that doctrine is the requirement that there be such a relationship between the party against whom the estoppel is asserted and a party in the former proceedings that the interests of justice require the result of the former proceedings to control, for all time, a discussion of the particular issue. Situations upon which the doctrine has been held to operate seem to fall into categories, but in the particular area under discussion no label is available which permits summary disposition of this phase of this appeal. Defendants assert that the relationship between Pillsbury and Bowen, its employee, and Pillsbury and Young, its lessor, at the time of these events, was such that the doctrine applies.

Cases have been cited which hold that a verdict in favor of a principal bar a later suit against an employee where the employee's conduct was the basis of the alleged liability of the principal. Chief among these is Spitz v. BeMac Transp. Co., 334 Ill App 508, 79 NE2d 859 (3rd Dist 1948). That doctrine does not apply here because Bowen, while an employee of Pillsbury and involved in the transaction, was not the employee whose conduct imposed liability upon Pillsbury under the doctrine of respondeat superior—the conduct in issue in the former proceeding was that of another Pillsbury employee, Mark Pargin. Also, although Pillsbury would have been required to prove due care of its employees in order to recover damages for its cargo loss as a counterplaintiff in the former action, the loss of that action by Pillsbury does not mean that the verdict in the former case reached a result which passed upon Bowen's conduct. That ver-

344

dict could have resulted from a determination (a) that Miller was not negligent or (b) that Pargin's negligence was the sole proximate cause of the accident.

■ Without a showing that the particular issue was passed upon by the former jury, estoppel cannot apply. Voss Truck Lines, Inc. v. Pike, 350 Ill App 528, 113 NE2d 202 (3rd Dist 1953). Although defendant's contention here is that the adjudication of nonnegligence of its driver in the former trial is binding upon the parties here, that contention is based upon an allegation that these present plaintiffs' interests were represented by the parties defendant at the former trial. In Voss Truck Lines, Inc., it was contended that a former trial between related parties had settled all the issues between the parties to the second litigation. The facts were that one Curtis owned a tractor unit leased to Voss to pull a semi-trailer unit, the rig to be operated by a driver named Price. This unit was involved in a collision with a truck owned by Pike and driven by Howard. The collision resulted in two lawsuits. The first was filed in McLean County wherein Voss' driver, Price, sued for his injuries naming Pike defendant as the employer of Howard. Pike filed a counterclaim for property damage to his truck, naming Voss Truck Lines, Inc., Price and Curtis as counterdefendants. Both principals, Voss and Pike, admitted the agency of their drivers at the time of the collision. This suit was tried to a verdict in favor of Price, and Pike lost his counterclaim. The second lawsuit was filed in Sangamon County. Voss Truck Lines, Inc., was plaintiff seeking recovery of its property damage to the trailer, and coplaintiff was Curtis seeking recovery of the value of his tractor unit. Defendants were Pike and the personal representative of his driver Howard. Plaintiffs in the second suit, following final judgment in the first, moved for judgment based upon an alleged estoppel of defendants to litigate the second case, having lost the first. In reversing a judgment for plaintiffs

granted by the trial court on this theory, it was held that despite the fact that identity of parties was the same in the second suit as the first, the plaintiffs in the second suit could not claim estoppel on the part of Pike to litigate the issue of contributory negligence by Voss on the theory that his driver's recovery in the former proceeding settled the issue. The court pointed out, ". . . the lack of contributory negligence on the part of Voss was not even involved in the action in McLean county." Voss Truck Lines, Inc. v. Pike, 350 Ill App 528, 113 NE2d 202, 206 (3rd Dist 1953). We therefore hold that under these circumstances the presence of Pillsbury as a party in the former proceedings, even admitting Bowen's agency relationship, did not determine any issue relating to Bowen's conduct, and therefore his interests were not litigated at the former trial. The same holding and considerations apply to Young's separate action and, of course, Bowen's widow, whose action is entirely derivative.

█ The issue and contentions thus come into focus. Steinker can successfully assert estoppel only if the relationship between the plaintiffs in this suit to Pillsbury or to Pargin, defendants in the former suit, is such that, in law, these plaintiffs are bound by a determination that Steinker's employee Miller was not negligent. Since Steinker's liability, if any, arises only because of alleged misconduct of Miller, should such a relationship exist, these plaintiffs would be so bound. However, we fail to find the requisite relationship. We find a close analogy to the kind of bare legal relationship here present between these plaintiffs and the former defendants in Miller and the relationship of the plaintiff in Smith v. Bishop, 26 Ill2d 434, 187 NE2d 217 (1963), to her position in a former suit involving the same automobile collision. In that case Mrs. Smith and her three infant children were passengers in a car driven by her husband. In a collision with a truck, two of her children were

killed and she was injured. The children's administrator unsuccessfully sued her husband under the guest statute and both the truck driver and his employer for negligence. Later she filed an injury action in her own behalf for her injuries against the driver of the truck and his employer. In reversing a judgment in favor of the defendants at her trial, which was based upon the ground she was estopped to litigate the issues of the truck driver's negligence, or his employer's liability, the Supreme Court held that estoppel could not be applied in this situation, in the following language:

". . . The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privy to one who was a party. Ohio National Life Ins. Co. v. Board of Education, 387 Ill 159, 55 NE2d 163.

"That Mrs. Smith was not a party to the wrongful death action is evident from the fact that she was not named as such therein, did not appear, and had no right to adduce testimony, cross-examine witnesses or otherwise control the prosecution thereof. (See Schafer v. Robillard, 370 Ill 92, 17 NE2d 963; Orthwein v. Thomas, 127 Ill 554, 571, 21 NE 430, 4 LRA 434.) Nor was she in privity with the administrator of the children's estates, even though she was one of the next of kin and a beneficiary of the cause of action for wrongful death. A privy to a judgment is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. (Schafer v. Robillard, 370 Ill 92, 17 NE2d 963; Orthwein v. Thomas, 127 Ill 554, 21 NE 430.) Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation. (Sweeting v. Campbell,

2 Ill2d 491, 496, 119 NE2d 237.) Mrs. Smith did not acquire her rights in this action from the administrator of the children's estates, nor is her relationship to such rights either mutual with or successive to that of the administrator. He had no beneficial interest but possessed sole right of action or control over the litigation. Mrs. Smith, as next of kin, had no right of action or control over the litigation but merely possessed a beneficial interest in the proceeds. In the case at bar, the fact that Mrs. Smith was a beneficiary in the wrongful death case did not make her a plaintiff therein. Nor did she succeed to the right of action or in any other manner become privy thereto so as to bring her within the rule of estoppel by verdict." Smith v. Bishop, 26 Ill2d 434, 438, 187 NE2d 217, 219 (1963).

Even stronger, more compelling reasons here exist than in the foregoing case to refuse to apply the doctrine of estoppel. No verdict in favor of Pillsbury in the former suit would have benefited either Bowen's heirs or Young as would a verdict for Mrs. Smith's deceased children's administrator have benefited her as next of kin. There is no mutual or successive interest in a verdict in the former case between Pargin or Pillsbury and these plaintiffs.

█ We now pass to the question of whether defendant is entitled to a new trial. We conclude that it is, upon the ground of newly discovered evidence. Although interviewed by defendant's representatives long prior to either trial in Moultrie or Piatt Counties, a person admittedly present at the scene of the wreck disclaimed any occurrence knowledge. Rumors apparently persisted, however, that an eyewitness existed, and subsequent to this second trial, because of statements made by one of the witnesses while on the stand testifying at the trial, defendant's counsel again interviewed the formerly disclaiming person for the first time under oath. It is ob-

vious now, from the transcript of that interview, that the person claims to have firsthand knowledge of the occurrence events. It appears this potential witness has evidence to give which is not cumulative and which, if credible and believed by a jury, might well affect the outcome of the entire case. This witness was known by name to the defendant, and only his disclaimer prevented access to his now claimed knowledge of occurrence and after-occurrence events. There was no direct evidence available to either party concerning the things about which his testimony will be offered. We think this situation warrants a new trial. Junget v. Aurora, E. & C. Ry. Co., 177 Ill App 435 (1st Dist 1913) ; Swiney v. Miller, 253 Ill App 81 (3rd Dist 1929). We are not prepared to say, under the peculiar circumstances of this case, that the defendant was negligent or failed to exercise diligence in procuring this testimony. Though we are reluctant to interfere with matters discretionary with the trial judge, we are compelled to hold that he abused his discretion in failing to grant a new trial upon the ground of newly discovered evidence. A jury should weigh this person's testimony produced in the course of trial, and we so hold.

Since a new trial is required, we shall not pass upon the other alleged errors, except to note that the manner in which plaintiffs' expert was allowed to testify made it difficult to understand the basis for his opinion. We acknowledge that the record does indicate that he was testifying hypothetically and was confining his opinion to the testimony in the case at bar. However, strict adherence to the system whereby counsel asks hypothetical questions which specifically set forth hypothetical facts upon which the expert may base his opinion will avoid the problem, upon retrial, created by the manner in which this witness was examined at the first trial of this case.

For the above and foregoing reasons, we find the trial court was correct in striking defendant's affirmative

defense of estoppel by verdict, but for the reasons herein stated the case is remanded to the circuit court of Piatt County for a new trial.

Reversed and remanded for a new trial.

SMITH and TRAPP, JJ., concur.