Joe H. Pritchett, Administrator of the Estate of Franklin Gale Bowen, Deceased, Plaintiff-Counterdefendant-Appellee, and Betty L. Bowen and Howard Young, Sr., Plaintiffs-Appellees, v. Steinker Trucking Company, Inc., a Corporation, Defendant-Counterplaintiff-Appellant, and Mary Jane Miller, Individually, and as Administrator of the Estate of Paul Richard Miller, Deceased, Counterplaintiff-Appellant.

Gen. No. 10,777.

Fourth District.

May 22, 1969.

Greanias & Owen, of Decatur (Robert D. Owen and Marshall A. Susler, of counsel), for appellants.

Robert P. Shonkwiler, of Monticello, and Richard J. Welsh, of Webber & Welsh, of Decatur, for appellees.

CRAVEN, J., delivered the opinion of the court.

Having granted leave to appeal from an opinion of this court in this case, the Supreme Court reversed and remanded the case for consideration of other alleged errors not reached in our prior opinion. See Pritchett v. Steinker Trucking Co., 40 Ill2d 510, 240 NE2d 684 (1968).

The facts are detailed in our former opinion (Pritchett v. Steinker Trucking Co., 85 Ill App2d 340, 230 NE2d 68 (4th Dist 1967)) and need not be repeated.

This action for wrongful death was brought in the Circuit Court of Piatt County by the administrator of the estate of Franklin Gale Bowen, deceased, against the Steinker Trucking Company, owner of a truck which had collided with a truck driven by Bowen. Bowen's widow and the owner of the truck he was driving also sought recovery for last expenses and damages to the truck, respectively. Jury verdicts for the plaintiffs were returned and judgments entered on the verdicts. On appeal this court reversed and remanded for a new trial on the basis of newly discovered evidence. In our prior opinion we also disposed of the defendant Steinker's affirmative defense of estoppel by verdict based upon a verdict and a judgment entered in a former case involving the same transaction. See Miller v. Pillsbury Co., 56 Ill App 2d 403, 206 NE2d 272 (4th Dist 1965), affd 33 Ill2d 514, 211 NE2d 733 (1965).

In our former opinion, since we did conclude that a new trial was required, we did not pass upon certain alleged errors. The Supreme Court, by its mandate, has remanded the cause to us for consideration of those remaining issues. Errors assigned and not previously considered, and thus remaining for determination, are:

1. That the verdict of the jury was against the manifest weight of the evidence;

2. That plaintiffs' expert witness improperly was permitted to give an opinion on the manner of of the happening of the collisions involved; and

3. That the trial court erred in allowing testimony that plaintiff's decedent was a person of careful habits.

In supplemental briefs filed in this court, appellees contend that both this court and the Supreme Court have already considered and passed upon the ground of error listed as No. 2 above as to plaintiffs' expert witness, Oscar Kurt's testimony. In our prior opinion we noted that the manner in which plaintiffs' expert was allowed to testify made it difficult to understand the basis for his opinion. We further stated that the record indicated he was testifying hypothetically and confining his opinion to the case at bar. We then made observations with reference to the presentation of his expert testimony upon retrial, which we had determined was necessary. Although the language of our former opinion may establish some basis for the appellees' contention that this error has been considered, however, in the full context of that opinion, we were careful to note that we did not pass upon this alleged error.

The language of our opinion was intended as a guideline to proper expert testimony upon retrial. Since we had already determined that a retrial was necessary, further consideration of the alleged error, which could only result in a retrial, would have been totally unnecessary. We find nothing in the opinion of the Supreme Court that in any way passes upon this alleged error or that indicates the Supreme Court in any way considered that this court passed upon the alleged error. Thus, it is still part and parcel of this appeal and we will so consider it.

One of the principal issues in this case was whether the driver of the Steinker truck was negligent. Mack Pargin, the driver of the second Pillsbury Company truck in a line of three trucks, testified that when the Steinker

truck, which was approaching him, was about fifteen feet from him it gradually came into his lane of traffic and struck the front and side of his truck. It was after this collision that the Steinker truck came into contact with the third Pillsbury Company truck driven by Bowen. Pargin's testimony at the trial was inconsistent and contradictory with his testimony at the coroner's inquest, on discovery deposition, and during the trial of Miller v. Pillsbury Co., wherein he testified that the Steinker truck "swerved" or "veered sharply." Pargin's testimony at the trial, if believed, would result in the conclusion that the Steinker and Bowen vehicles collided in Bowen's lane of traffic and that the driver of the Steinker truck was negligent.

Defendant's principal witness, J. Stannard Baker, testified as an expert witness in reconstructing the accident. There is no issue on this appeal as to this testimony. He based the reconstruction and his conclusions upon information which he gathered at the place of the accident approximately one month following the accident, an examination of the damaged parts of the trucks involved, photographs of the trucks and his own observations. By analyzing this information and by reconstruction, he gave his opinion as to how the accident occurred so as to account for all of the damage to the vehicles involved and for the marks visible on the highway. His opinion was that the left side of the Steinker truck was slightly to the south (or right) of the center line of the highway and that the second Pillsbury truck was also to the south of the center line of the highway when the first impact occurred. He concluded that this impact rendered the Steinker truck uncontrollable, since its left-front wheel was gone, and jackknifed it to the left into the other lane and into the path of the Pillsbury truck driven by Bowen. Thus, it was his opinion that the course of the Steinker truck after the impact with the second Pillsbury truck was beyond the control of its driver. This testi-

375

mony refuted the testimony of Pargin and indicated that the collision between the Steinker truck and Bowen's was not due to the negligence of Miller, the driver of the Steinker truck, but due to the negligence of Pargin.

At this point in the trial, plaintiffs offered in rebuttal the testimony of Oscar Kurt. His testimony was offered as that of an expert in accident reconstruction. He stated it to be his opinion that it was the Steinker truck which was across the center line at the time of the initial collision. This testimony then became a "critical" and vital factor to plaintiffs' case.

■ As this court recognized in Abramson v. Levinson, — Ill App2d —, — NE2d — (1969), the testimony and opinion of a reconstruction expert may be admissible where the facts and circumstances of the particular case are such that an opinion of such expert will aid the jury in arriving at a just verdict.

■ Whether the testimony of an expert and the expression of his opinion is admissible as an aid to the jury is, of course, initially a matter for the exercise of the sound discretion of the trial judge. The trial court should consider, before admitting such testimony and opinion, the factors set forth in our opinion in the Abramson case. Among these factors is the requirement that the opinion of the expert must be based upon the evidentiary facts in the record. When there is insufficient undisputed physical evidence in the record to provide basic data needed for the application of the principles of physics, engineering or science, or where the expert bases his opinion upon matters not in evidence in the particular case, the expert's opinion is not admissible.

■ In order for an expert to testify as to his opinion, the law wisely requires that he be questioned in the frame of a hypothetical question which contains the hypothetical facts, but which facts are in evidence in the proceedings. Undisputed facts cannot be ignored. Opp

v. Pryor, 294 Ill 538, 128 NE 580 (1920) ; McCarthy v. Spring Valley Coal Co., 232 Ill 473, 83 NE 957 (1908) ; Sanitary Dist. of Chicago v. Industrial Commission, 343 Ill 236, 175 NE 372 (1931). His opinion cannot be based on inadmissible evidence, nor can it be based upon facts not presented to the jury. Louisville, N. A. & C. R. Co. v. Shires, 108 Ill 617 (1884) ; Kanne v. Metropolitan Life Ins. Co., 310 Ill App 524, 34 NE2d 732 (1st Dist 1941) ; Butler v. Palm, 36 Ill App2d 351, 184 NE2d 633 (2nd Dist 1962). Further, to permit a witness to testify to an opinion based upon matters reported privately to him is error. People v. Black, 367 Ill 209, 10 NE2d 801 (1937).

■ The record in this case shows that while numerous references were made in the questioning of Dr. Kurt to the fact that he was testifying hypothetically, and several questions were asked of him of a hypothetical nature, the undisputed material facts in evidence were not placed in the questions asked. At one point he was told by plaintiff's counsel as a part of the question, ". . . if there are any things that you need that I have not told you, that you do not know, you should first inquire if there is any evidence as to that fact." Dr. Kurt stated that he had reviewed the abstract of record of the previous trial (Miller v. Pillsbury Co.) and that abstract included testimony of other persons. His testimony and the questions asked him were such that the jury could not know what facts he was considering in expressing his opinion. In a case where the evidence is closely balanced on the essential issues, the testimony of this witness and the expression of his opinion in the manner given is error necessitating a new trial.

■ We turn now to the assertion that the trial court committed error in admitting testimony that plaintiff's decedent was a person of careful driving habits. There

were no eyewitnesses produced at the trial and none were shown to be available. The ultimate disposition as to the witness Allen by the Supreme Court determined that to be the evidentiary situation. There was no error in permitting this evidence of careful driving habits. It is well established that in the absence or unavailability of direct evidence, habits of due care of the decedent in an action for wrongful death may properly be introduced. Bird v. Louer, 272 Ill App 522, 535, 539; Lowry v. Chicago & N. W. R. Co., 248 Ill App 306, 311; Casey v. Chicago Rys., 269 Ill 386, 109 NE 984.

 Finally, turning to the issue of whether the verdict of the jury was against the manifest weight of the evidence, it is first necessary to observe that we must review this record in the same posture as did the circuit court. This court, after all, is a court of review. Although we have concluded that there was error in the admission of the testimony of Kurt, in passing upon this issue the trial court necessarily considered that evidence. As we observed, this was a closely balanced case. The verdict of the jury resolved the evidentiary conflicts and that verdict, based on the evidence then before it, could not and would not be disturbed here as being against the manifest weight of the evidence.

Reversed and remanded for a new trial.

TRAPP, P. J. and SMITH, J., concur.