MPL, INC., Plaintiff,

v.

William COOK, et al., Defendants.

No. 78 C 2316.

United States District Court,
N. D. Illinois, E. D.

June 2, 1981.
Supplemented June 3, 1981.

Ronald Wilder, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Raymond P. Niro, Hosier, Niro & Daleiden, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff MPL, Inc. ("MPL") has brought this diversity action based on the alleged unlawful appropriation and use of its confidential information and trade secrets. Defendants have moved to compel MPL to answer seven interrogatories and have also requested an award of fees. For the reasons stated in this memorandum opinion and order the motion to compel is granted in part and denied in part and the request for fees is denied.

*Substantive Objections*

Defendants' interrogatories seek extensive information as to the allegedly misappropriated trade secrets. MPL contends that the interrogatories need not be answered because defendants will be collaterally estopped from litigating the question whether MPL's trade secrets were misappropriated and used in the manufacture of the machines owned by defendants. Although it arises within the context of a discovery motion, this Court must therefore decide the important substantive question whether a related state court proceeding brought by MPL against a separate set of defendants will collaterally estop the defendants in this action from litigating certain issues.

In the state court action, *Affiliated Hospital Products, Inc. and MPL, Inc. v. Brian Baldwin, et al.,* 75 CH 3659 (Circuit Court of Cook County, Illinois), MPL alleges that one of its former employees, Brian Baldwin, used confidential information of MPL in building machines to manufacture disposable hypodermic needles. Those machines were manufactured for, and eventually purchased by, the defendants in this action. MPL has obtained a preliminary injunction that prevents Brian Baldwin and the other state defendants from using the machines, based on a determination that they were built by persons having access to and using trade secrets of MPL. MPL argues that the trade secret findings are binding on the defendants in this action.[1]

■ This is a diversity action, and under the principles of *Erie Railroad v. Tompkins* all questions of substance are governed by state law. Questions involving collateral estoppel are matters of substance and thus controlled by the appropriate state law. *Kuehn v. Garcia,* 608 F.2d 1143, 1147 (8th

---

1. After defendants' motion was fully briefed, defendants apprised the Court of the state trial court's May 4, 1981 denial of MPL's motion for partial summary judgment in *Affiliated.* It is unnecessary for this Court to determine the effect to be given that ruling in light of the earlier Appellate Court decision requiring issuance of the preliminary injunction, 57 Ill. App.3d 800, 15 Ill.Dec. 528, 373 N.E.2d 1000 (1st Dist. 1978). Because *Affiliated* is scheduled for trial on the merits next month, its decision (whichever way it goes) will create the potential for collateral estoppel if that doctrine applies.

Cir. 1979); *Maher v. City of New Orleans*, 516 F.2d 1051, 1056 (5th Cir. 1975). That principle is unaffected by the fact that the question of collateral estoppel has been presented within the context of a discovery question—normally a procedural matter.

■ To determine the appropriate state law this Court must look to Illinois choice-of-law rules. Because this action is predicated on allegedly tortious activity Illinois courts would apply the law of the state with the most significant relationship to the allegations of the complaint. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). Though the defendants carry on most of their business activity in Indiana, the machines that are the subject of the action were designed, manufactured and purchased within the State of Illinois. As this Court held in its memorandum opinion and order of September 30, 1980 the allegedly tortious activity was committed within the State of Illinois. Accordingly Illinois is the state with the most significant relationship to the allegations of the complaint and its substantive law controls this action.

■ Collateral estoppel—referred to by Illinois courts as "estoppel by verdict"— generally binds both the parties that have previously litigated an issue of fact and those in privity with such parties. MPL contends that the defendants in this action are in privity with the defendants in *Affiliated* because they purchased the very machines that are the subject of both *Affiliated* and this action.

■ MPL seeks in part to establish privity under the "successor in interest" doctrine, *Schafer v. Robillard*, 370 Ill. 92, 100, 17 N.E.2d 963, 967 (1938):

> A privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from the party thereto.

However that doctrine has generally been applied where some right in the property itself was adjudicated, such as the existence of a lien. *See, e. g., Clark v. Zaleski*, 253 Ill. 63, 97 N.E. 272 (1911). This case presents a different situation. Here the proceeding in *Affiliated* will have decided whether a group of defendants committed a tort, while the determination whether the machines were built based on access to and use of trade secrets is a necessary part of that decision.

■ Neither the parties nor this Court has been able to locate a case similar to the one before this Court. Nonetheless this Court concludes that Illinois law permits the use of collateral estoppel in this situation. It is not critical that the ultimate decision in the typical succession in interest case involves the adjudication of an interest in the property itself. Rather the crucial factors are (1) that a factual matter relating to property is adjudicated in the first action and (2) that a party to the second action succeeded to that property.

Thus in this case, although the ultimate issue is whether defendants have committed a tort, a factual question relating to the same property will have been litigated in *Affiliated*. Defendants, as purchasers of the property, will be collaterally estopped from relitigating any property-related issue that is unaffected by the *ownership* of the property. Because of their ownership defendants are in "privity" with the defendants in *Affiliated* under the "successor in interest" doctrine.[2] They will therefore be collaterally estopped from relitigating the issues whether their machines were built with access to and use of confidential information of MPL.

Two other questions must be addressed before collateral estoppel may be held applicable:

■ First, under Illinois law the succession in interest doctrine applies only if the

---

**2.** Additionally it should be noted that defendant Baldwin-Cook ApS was organized by defendant Cook and *Affiliated* defendant Baldwin to manufacture hypodermic needles in Denmark with the use of the challenged machines. This and other inter-relationships between the defendants in the two proceedings could well be sufficient to trigger application of collateral estoppel even without resort to the successor in interest doctrine.

property is purchased *after* commencement of the first action. Defendants contend that they purchased the machines in January 1975, several months before the *Affiliated* action was filed in April 1975. Their argument is noteworthy only because it directly contradicts the position previously taken by defendants. In a motion to dismiss for lack of personal jurisdiction defendants contended that they *never* purchased the machines in question. Having now admitted purchasing the machines, they do not dispute that *payment* for the machines (and thus their purchase) was not completed until after the commencement of the preliminary injunction proceeding in *Affiliated.*

■ Second, defendants contend that there can be no collateral estoppel because the state court litigation has yet to reach final judgment. That does not affect the question of the *relevancy* of the interrogatories. Both parties will be collaterally estopped from litigating the issues identified in this opinion whatever the outcome of the state court proceeding.[3]

Of course this ruling is not a determination of ultimate liability on the part of defendants. It is simply the preclusion of specific factual issues from being relitigated in this action. Given such preclusion, none of defendants' interrogatories need now be answered except for Interrogatory No. 7, which relates only to actions of the defendants in this case.[4]

### Procedural Objections

MPL contends that defendants have now submitted in excess of 20 interrogatories and were therefore required to seek leave of court under Local Rule 9(g). Inasmuch as plaintiffs did not answer any of defendants' earlier interrogatories, that technical compliance point is scarcely troublesome. Defendants are hereby granted leave to file Interrogatory No. 7, permitted by this opinion.

■ MPL also urges that defendants' motion to compel should be denied because it was not filed within a reasonable time after receiving a response to the interrogatories. That argument looks to the filing date of earlier interrogatories covering substantially the same matters, as to which defendants did not file a motion to compel after MPL objected.[5] Because only one interrogatory must be answered by MPL, this Court does not find any serious prejudice to it as a result of the delay in the filing of the motion to compel. While it is clear that defendants have not proceeded with their case in the most efficient manner, the Court will nonetheless compel answers to Interrogatory No. 7.

### Request for Sanctions

■ Under Fed.R.Civ.P. 36(a)(4) a successful party on a motion to compel shall be awarded expenses "unless the court finds that the opposition to the motion was substantially justified..." MPL has been successful in opposing the majority of defendants' interrogatories. Defendants' request for fees is denied.

### Conclusion

Defendants' motion to compel is granted solely as to Interrogatory No. 7. Their request for fees is denied.

### SUPPLEMENTAL OPINION

After this Court issued its June 2, 1981 memorandum opinion and order in this case (the "Opinion") it received the slip opinion of our Court of Appeals in *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.,* 649

---

**3.** Indeed *MPL* would be bound by any factual issue litigated in the state court proceeding whether or not the defendants in this action are in privity with the defendants in the state court action. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

**4.** This opinion assumes that the expenses incurred by MPL in developing its trade secrets (Interrogatory No. 1(v)) will also be established in *Affiliated* and will therefore be covered by the collateral estoppel doctrine as well.

**5.** Defendants have since obtained new counsel, who prepared the most recent set of interrogatories.

F.2d 530 (7th Cir. 1981), dealing with a related collateral estoppel issue, albeit in a different context.[1] Although the issue is not wholly free from doubt, because the present case appears to present a unique factual framework for application of the doctrine, the Court views the Opinion as consistent with *Pinto*. It is profitable to contrast the situations in the two cases and reconfirm what this Court has and has not held in the Opinion:

(1) Defendants here are in privity with the state court defendants in *Affiliated*, who will certainly have a "full and fair opportunity to litigate" the issues whether the machines in controversy were manufactured with access to and the use of MPL trade secrets. In protecting their own interests in that litigation, the state court defendants will fully and fairly represent the interests of this case's defendants on the identical issues.[2] In that sense, as purchasers of the machines defendants take them *cum onere*.

(2) Defendants themselves will have the full opportunity in this case to litigate the legal effect—or lack of it—of the "taint" that might thus affect the machines. That is, a finding in the state court litigation that the defendants there were liable to MPL as a result of trade secret misappropriation would not of itself operate as a determination of liability of the defendants in this case. Whether the principles of liability are the same as or different from principles applicable to patent infringers,[3] or whether defendants here may be shown to be conspirators with the state court defendants, are among the open issues not decided by the Opinion.

Accordingly this Court reaffirms its determination in the Opinion as to the applicability of the doctrine of collateral estoppel.

---

**1.** It should of course be noted that *Pinto* was decided under federal law, while the Opinion applied Illinois law.

**2.** In *Pinto* the Court of Appeals said (at 533): In *TRW, Inc. v. Ellipse Corp.* [495 F.2d 314 (7th Cir.)] we held that a party may be estopped from litigating issues decided against another party in a prior suit to which it was not a party if one of the parties in the suit represented its interests. 495 F.2d at 317–18.

**3.** See e. g. *Schnitger v. Canoga Electronics Corp.*, 462 F.2d 628 (9th Cir. 1972), cited in *TRW*, 495 F.2d at 318.